# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>LAW OFFICES HOWARD LEE SCHIFF P.C.,<br><br>    Defendant. | Case Action No.3:16-CV-00791 (VAB)<br><br><br><br>**MEMORANDUM OF LAW<br>IN OPPOSITION TO DEFENDANT'S<br>MOTION TO DISMISS** |

Plaintiff Luis Garcia ("Mr. Garcia") respectfully submits this Memorandum of Law in opposition to the motion to dismiss ("Motion") filed by defendant Law Offices of Howard Lee Schiff P.C. ("Defendant").[1]

## STATEMENT OF FACTS

On or about February 12, 2016, plaintiff Mr. Garcia filed a complaint (the "Complaint") against Defendant setting forth allegations of deceptive collection

---

[1] It must be noted at the outset that Defendant is acting in a pro se capacity in this action contrary to the well settled law in the Second Circuit that artificial entities may not appear in federal court through a non-lawyer agent or employee. *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983); *Orsini v. Interiors of Yesterday*, 284 B.R. 19 (D. Conn. 2002). Defendant in the instant case is a professional corporation, an artificial entity, and it represented by Jeanine M. Dumont, Esq., an employee of the Defendant. Defendant may not appear before this in a *pro se* capacity.

practices in violations of the Fair Debt Collection Practices Act (the "FDCPA"). The alleged violations occurred in connection with a collection letter sent by Defendant to Mr. Garcia, wherein multiple balances for an alleged consumer debt were listed. Specifically, under the "Additional Account Information" section of the collection letter, Defendant states:

| | |
|---|---|
| Charge-Off Balance: | $663.94 |
| Post Charge-Off Interest Accrued: | $0 |
| Post Charge-Off Fees Accrued: | $0 |
| Post Charge-Off Payments & Credits: | $0 |
| Current Balance: | $565.46 |

Defendant's deceptive practices include failure to provide a proper explanation as to the true balance of the debt, failure to provide information as to discrepancy in the balances, and failure to provide a breakdown as to credits, payments and interest. With *two balances* identified by the Defendant, it is clear on its face that Defendant's collection letter is confusing at best. And that is not an acceptable practice under the FDCPA.

## **STANDARD OF REVIEW**

When deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This amounts to a "two-pronged approach" through which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." *Id.* at 664.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dep't Stores Co.*, 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n. 8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Scheuer*, 416 U.S. at 236); *United States v. Yale New Haven Hosp.*, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing *Scheuer*, 416 U.S. at 232). The burden of demonstrating that no claim has been presented in the pleadings

rests fully with the defendant. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In this case, Defendant failed to meet its burden of demonstrating that no claim has been presented by Mr. Garcia. Viewing the allegations asserted in the Complaint as true and in a light most favorable to Mr. Garcia, a sufficient set of facts exists to raise a reasonable expectation that discovery will reveal evidence of the necessary elements to establish entitlement to relief afforded by the FDCPA. Furthermore, Defendant's lack of standing claim is without merit. Therefore, Mr. Garcia's Complaint successfully pleaded causes of action under the FDCPA and Defendant's Motion should be denied in its entirety.

## LEGAL ARGUMENT

### I. MR. GARCIA HAS STANDING TO PROCEED WITH THE CAUSE OF ACTION AGAINST DEFENDANT AS HE SUFFERED A CONGIZABLE INJURY THAT GIVES HIM STANDING TO ASSERT A CLAIM UNDER THE FDCPA

The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692e. It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Baker v. GC Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and

any false, deceptive or misleading statements, in connection with collection of a debt.

A debt collector's communications are analyzed "from the perspective of the least sophisticated debtor" or least sophisticated consumer. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* Accordingly, courts construe its language broadly, so as to effectuate its purpose. *Id.* A debt collection letter is deceptive where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3rd Cir. 2000).

Furthermore, any application of the FDCPA must take into account that the FDCPA is a remedial statute. *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002). Accordingly, courts construe its language broadly, so as to effect its purpose. *See*, *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006). Furthermore, "[b]ecause the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2nd Cir. 2013).

Here, Defendant's conduct falls squarely within the realm of conduct the FDCPA seeks to protect consumers from. Defendant's collection letter is

5

confusing and misrepresents the amount of the alleged outstanding debt. Furthermore, Mr. Garcia met the constitutional minimum establishing the he: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "'personally has suffered some actual or threatened injury'"). While an injury in fact must be concrete, the term "concrete" is not synonymous with the term "tangible." The Supreme Court confirmed in many cases that intangible injuries can nevertheless be concrete. *See*, *e.g.*, *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993) (free exercise).

There is nothing hypothetical or conjectural about Defendant's collection letter is confusing and misrepresents that amount of the alleged outstanding debt. Undoubtedly, Mr. Garcia is affected in personal way by the misinformation contained in Defendant's collection letter. Defendant's reliance upon *Spokeo, Inc. v. Robins*, No. 13-1339, 2016 WL 2842447 (May 16, 2016), is misguided. In that case, the individual Robins clearly suffered no injury as the information disseminated about him by Spokeo, Inc., while incorrect, actually made him appear more affluent and successful than he actually was. The Supreme Court opined that "not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code." *Id.* at 11. This cannot be said of the plaintiff in the instant case.

When viewed the facts in the light most favorable to Mr. Garcia, the non-moving party, Mr. Garcia suffered more than just a bare procedural violation. Accordingly, Mr. Garcia has stated a claim upon which relief can be granted and a motion for judgment is inappropriate under the circumstances. The motion should be denied.

**II. THE MOTION SHOULD BE DENIED AS DEFENDANT EMPLOYED DECEPTIVE MEANS TO COLLECT THE ALLEGED DEBT IN VIOLATION OF 15 U.S.C. § 1692(E)**

In the collection letter, Defendant failed to provide a proper explanation as to the true balance of the debt, failed to provide information as to discrepancy in

the balances, and failed to provide a breakdown as to credits, payments and interest. These omissions are egregious and more than technical or trivial. The possibility of deceptive collections is even greater her when dealing with the least sophisticated consumer, who can easily be deceived and unjustly be induced to pay what he does not owe.

Under the FDCPA, a debt collector is prohibited from collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). In addition, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt," which includes the "false representation of…the character, amount, or legal status of any debt." *Id.* at § 1692e(2). As the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store,* 736 F.3d at 98.

With respect to debt collector's unacceptable practices that lead to consumer's misunderstanding, the First Circuit observed that:

> "confusion can occur in a myriad of ways, such as when a letter visually buries the required validation notice, contains logical inconsistencies, fails to explain an apparent inconsistency, or presents some combination of these (or similar) vices…. The emphasis, then, is on practical effect." *Pollard*, 766 F.3d 98 (1st Cir. 2014);

>*see also Swanson v. Southern Oregon Credit Servs, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1989).

Here, by filing to provide a proper explanation as to the true balance of the debt and failing to provide accurate and concrete information as to the actual amount of the alleged outstanding debt, Defendant created confusion that is not permitted by the FDCPA.  No indication is given in the letter that a post charge off payment was applied.  And no idiosyncratic interpretation of the collection letter is necessary here to plainly see that an inconsistency as to the actual amount of the debt exists that can only be construed against Defendant, the drafter of the collection letter.  Clearly, Defendant effectuated deceptive and unjust collections of monies allegedly owed by Mr. Garcia in clear violation of the FDCPA.  When viewing this set of facts in the light most favorable to Mr. Garcia, the non-moving party, Defendant did in fact violate the FDCPA.  Accordingly, Mr. Garcia has stated a claim upon which relief can be granted and a motion for judgment is inappropriate under the circumstances.  The motion should be denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion should be denied in its entirety. There is simply no basis for the Motion. Mr. Garcia clearly asserted claims in the Complaint upon which relief can be granted.

Dated: June 30, 2016

          **RC Law Group, PLLC**
          *Attorneys for Plaintiff*

          By:/s/ Yaakov Saks
          Yaakov Saks
          Ct30021
          285 Passaic Street
          Hackensack, NJ 07601
          Phone (201) 282-6500
          Fax (201) 282-6501
          Email: ysaks@rclawgroup.com

## Certification of Service

I, hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid on June 30, 2016 to the following counsel of record.

Jeanine M. Dumont
c/o Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut, 06108

/s/Yaakov Saks
Yaakov Saks
Ct30021