UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS GARCIA | CIVIL ACTION NO.  3:16 CV 00791 VAB |
|     Plaintiff | |
| vs | |
| LAW OFFICES HOWARD LEE SCHIFF P.C. | |
|     Defendants | JULY 6, 2016 |

**REPLY MEMORANDUM OF LAW OF DEFENDANT LAW OFFICES HOWARD LEE SCHIFF P.C.**

Defendant Law Offices Howard Lee Schiff P.C. ("Schiff Law Office") respectfully submits the following Reply to the plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss dated June 30, 2016 [hereinafter, "Memorandum in Opposition"]:

Plaintiff has yet to demonstrate that there are valid or viable claims here to be adjudicated by this Court:

- **Failure to Demonstrate Standing under Article III:** Plaintiff fails to adequately address the issue of standing to bring suit under *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S.Ct. 289, 193 L.Ed.2d 17 (May 16, 2016).  A "bare procedural violation" does not satisfy the Article III requirement for standing.  *Id*.  Plaintiff's counsel argues, "[u]ndoubtedly, Mr. Garcia is affected in a personal way by the misinformation contained in Defendant's collection letter." *Memorandum in Opposition at 7*.  Yet, there was no "misinformation" in the letter sent to plaintiff by the Schiff Law Office.  Plaintiff asks this Court to presume that there was some unidentified injury to Mr. Garcia.  If, as Attorney Saks argues, Mr. Garcia "suffered more than just a bare procedural violation," then he should be able to describe that injury by more than vague assumptions. [1]  Therefore, it must be concluded that there was no injury to Mr. Garcia.

- **Defendant Apparently Admits that Allegations Inadequate:**  Plaintiff now asserts that the "deceptive practices" sought by the Complaint are that defendant "fail[ed] to provide a proper explanation as to the true balance of the debt, fail[ed] to provide information as to the discrepancy in the balances, and fail[ed] to provide a breakdown as to credits, payments and interest." *See Memorandum in Opposition at 2, 7-8, and 9.*  This argument is at odds with Mr. Garcia's Complaint which fails to include any allegation that defendant failed to provide "a proper explanation as to the true balance of the debt." *See Complaint at ¶12.*  In fact, ¶13 of the Complaint alleges: "A collection letter must clearly display the balance owed and with

---

[1] Indeed, when the undersigned spoke to Mr. Saks about this case, he confirmed that Mr. Garcia suffered no injury.  It is surprising that Attorney Saks now proclaims that there was some injury to Mr. Garcia.

the multiple balances listed on this letter makes it impossible for a consumer to know how much is owed and if the debt will be considered paid if payment in full is made." It cannot be reasonably argued here that the amounts shown by the letter as the "Charge-Off Balance" and the "Current Balance" were not displayed in the letter since Attorney Saks recites them in his Memorandum in Opposition at 2. Thus, plaintiff's argument is tantamount to an admission that the allegations are inadequate and incomplete.

- **Plaintiff Falsely States that Defendant Misrepresented the Amount of the Outstanding Debt:** Plaintiff next argues that merely sending a collection letter which is "confusing and misrepresents the amount of the alleged outstanding debt" provides standing to bring suit. *Memorandum in Opposition at 5-6*. Plaintiff fails to demonstrate that anything in the letter was false in any way. Nor is there anything confusing about the letter. It clearly shows that a credit was given to Mr. Garcia following the charge off of the debt. It is troubling that plaintiff's counsel seems to believe that making such reckless accusations is proper advocacy. As an officer of this Court, Attorney Saks has a duty to act in good faith at all times—which includes not making false accusations.

- **Plaintiff Presents Nothing to Support a Claim that Defendant is Required to Provide "A Proper Explanation as to the True Balance of the Debt:"** Plaintiff now adds to the allegations of the complaint by claiming that defendant is require to provide a "proper explanation" as to the "true balance of the debt." *Memorandum in Opposition at 2 and 7-8*. However, nowhere in his Memorandum does he cite to one case which supports this claim. He goes on to argue that such "omissions are egregious and more than technical or trivial." *Id. at 8*. But again, he provides no authority as guidance or support. Attorney Saks then goes on to argue that debt collectors are not entitled to collect any amounts "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." What amount has the Schiff Law Office attempted to collect which was not authorized by an agreement or permitted by law? He further asserts that debt collectors are not allowed to use any "false, deceptive or misleading representations or means in collection with the collection of a debt" which includes the "false representation of …the character, amount, or legal status of any debt." *Id. at 8*. Again, what about the character, amount or legal status of the debt has been misrepresented here? These recklessly false accusations are asserted in bad faith and completely lacking in any factual support.

Finally, in a footnote, Attorney Saks appears to be claiming that the undersigned is improperly representing the Schiff Law Office in this action. Apparently, Attorney Saks is unaware that the undersigned has been admitted to the bar in California (1984), Connecticut (1985), Massachusetts (1999), and Rhode Island (2003), and admitted to this Court since 1985, the Second Circuit Court of Appeals (1988), and the United States Supreme Court (1993).

The undersigned serves a General Counsel, and regularly represents in firm in actions such as this. Therefore, the Schiff Law Office is not *pro se,* as was the case is *In Re Interiors of Yesterday, LLC, 284 B.R. 19 (D. Conn. 2002)(bankruptcy petition was signed by Manager of debtor, not a licensed attorney)* and *Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20 (2nd Cir. 1983)(Jones, CEO and sole shareholder, brought action on behalf of corporation without licensed counsel).*

Defendant prays that this Court dismiss this case and award it attorney's fees and costs for having to bring this motion to dismiss given the bad faith and harassing nature of Attorney Saks' claims. 15 U.S.C. §1692k(a)(3) expressly provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

Wherefore, the defendant respectfully requests that the Court grant its motion to dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction without leave to amend.

Respectfully submitted,

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF P.C.,

/s/ Jeanine M. Dumont
Jeanine M. Dumont   ct 05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on JULY 6, 2016 to the following counsel of record:

**FOR PLAINTIFF**
YAAKOV SAKS
RC LAW GROUP PLLC
285 PASSAIC STREET
HACKENSACK, NJ  07601

3

*/s/ Jeanine M. Dumont*
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**