## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

LUIS GARCIA

      Plaintiff

vs.                                                  No. 3:16-cv-00791 VAB

LAW OFFICES HOWARD LEE SCHIFF P.C.

      Defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Luis Garcia, brought this action against Defendant, the Law Offices of Howard Lee Schiff, P.C. ("Schiff"), alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), arising out of a collection letter concerning the balance due on Mr. Garcia's First Premier Bank Visa credit card.  Schiff has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

For the reasons that follow, Schiff's motion is GRANTED in part and DENIED in part. The Court grants the motion to dismiss Mr. Garcia's claims for violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692f.  It denies the motion to dismiss Mr. Garcia's claims for violations of 15 U.S.C. § 1692e and § 1692e(10), but notes that Mr. Garcia has not stated a claim under subsections § 1692e(2),  § 1692e(5), § 1692e(7), and § 1692e(8).

### I.   Factual Allegations

Mr. Garcia is a resident of Waterbury, Connecticut.  Compl. ECF No. 1, ¶ 4.  Schiff, a law firm specializing in creditor's rights litigation, is located in East Hartford, Connecticut.  *Id.* at ¶ 5. Schiff is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA.  *Id.*

On or around February 12, 2016, Mr. Garcia received a collection letter from Schiff concerning his First Premier Bank account.  Compl. ¶ 9, *see also* Letter, Mot. to Dismiss, Ex. 1, ECF No. 11 ("the Letter").  The Letter informed him that:

> [Y]our First Premier Bank account is being serviced by Law Offices of Howard Lee Schiff, P.C.  Midland Funding, LLC, is the current owner of this account.  We are required to provide some additional information pertaining to this account.

Letter, 1.  The Letter further stated that the "charge off balance" was $633.94, and the "current balance" was $565.46.  Compl. ¶ 10.  The Letter did not provide information "as to the discrepancy and a further breakdown of the balance [and did not list any] credits, payments, or interest accrued." *Id.* at ¶ 12.  In fact, the Letter listed "$0" next to "post charge-off payments & credits."  Letter, 1.

Mr. Garcia alleges that the Letter "ma[de] it impossible for a consumer to know how much is owed and if the debt will be considered paid if payment is made in full."  Compl. ¶ 13.  He further alleges that the letter violated the FDCPA, which prohibits "deceptive, misleading, and unfair debt collection practices."  *Id.* at ¶¶ 15-17.

## II.    Standard of Review

Schiff seeks to dismiss Mr. Garcia's Complaint under both Rule 12(b)(1) and Rule 12(b)(6), making two standards of review applicable.

First, when a court reviews a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). The burden of proving subject matter jurisdiction by a preponderance of the evidence is on the plaintiff.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings" to resolve the jurisdictional issue, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. American Tel.*

& *Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)), but "may not rely on conclusory or hearsay statements contained in the affidavits," *Attica Cent. Schs.*, 386 F.3d at 110.

Second, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

When determining whether the plaintiff has stated a plausible claim for relief, the Court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## III.   Discussion

Schiff moves to dismiss under Rule 12(b)(1), arguing that Mr. Garcia does not have standing to sue because he has not suffered an injury-in-fact. *See* Mot. to Dismiss, ECF No. 10, 4-5. In the alternative, Schiff moves to dismiss Mr. Garcia's Complaint under Rule 12(b)(6), arguing that he has not alleged a violation of the FDCPA or, at most, that he has alleged a "single, trivial and unintentional violation" for which the Court should not award damages. *Id.* at 6 (citing *Piples v. Credit Bureau of Lockport*, 886 F.2d 22, 28 (2d Cir. 1989)). Mr. Garcia responds that he has suffered a cognizable injury that gives him standing to assert his claim and, furthermore, that Defendant's Letter violated the FDCPA. The Court agrees with Mr. Garcia that he has standing to sue and concludes that only his claims under 15 U.S.C. § 1692e and § 1692e(10) may proceed.

### A.  Dismissal for Lack of Jurisdiction under Rule 12(b)(1)

Schiff first argues that, under Rule 12(b)(1), Mr. Garcia does not have standing to bring this lawsuit because his Complaint alleges "nothing more than a 'bare procedural violation' that … does not satisfy the requirements of Article III for standing."  Def.'s  Mem., 5 (citing *Spokeo Inc. v. Robins*, ---U.S.---, 136 S.Ct. 1540, 1549 (2016)).  Mr. Garcia responds that he was "affected in personal way by the misinformation contained in Defendant's collection letter" and therefore has standing to sue. Pl.'s Opp. Mem., 7.  The Court agrees with Mr. Garcia.

Federal courts have limited jurisdiction and a party must allege an injury in fact to have standing to sue before the Court. To demonstrate a sufficient injury, the plaintiff must suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation and quotation marks omitted).

In *Spokeo*, the Supreme Court addressed standing under the Fair Credit Reporting Act ("FCRA"), specifically whether the FCRA had been violated by the defendant's inclusion of false information in a consumer's credit report.  *Spokeo*, 136 S.Ct. at 1544. The Supreme Court remanded the case, but recognized that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury-in-fact," and that "a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id.*

*Spokeo* requires that, when a plaintiff alleges a violation of a procedural right created by statute, the plaintiff must also show that the alleged violation "presents a risk of real harm" in order to establish injury-in-fact.  *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016) ("[W]e understand *Spokeo* … to instruct that an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest.").  In *Strubel*, the Second Circuit evaluated the plaintiff's standing to sue under the Truth in Lending Act ("TILA").

4

The Court of Appeals found that two of the four claims that the plaintiff had alleged satisfied the injury in fact requirement. *Id.* at 190. The court reasoned that these allegations, if true, would give rise to a "'risk of real harm' to the [plaintiff's] concrete interest in the informed use of credit," which was an interest that Congress had sought to protect under TILA. *Id.* (citing *Spokeo*, 136 S.Ct. at 1550). The court held that Strubel did not have standing to bring two of her other claims, including her claim that the defendant violated TILA by failing to make a required disclosure concerning automatic payments. *Id.* at 191. Because Strubel did not allege that the defendant offered an automatic payment plan, the court reasoned, "she [could] not establish that [the defendant's] failure to make this disclosure created a material risk of harm—or, indeed, any risk of harm at all—to Strubel's interest in avoiding the uninformed use of credit." *Id.* at 192 (citations omitted).

Mr. Garcia alleges that the Letter "damaged" him by misleading him about his debt. Unlike Ms. Strubel's claim concerning automatic payment plans, Mr. Garcia's claim is based on an actual debt that was serviced by Schiff. An alleged misrepresentation concerning this debt would create a "risk of real harm" to the "concrete interest"—protection from unscrupulous debt collectors—that the FDCPA was enacted to protect. *Strubel*, 842 F.3d at 190; *see also Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010) ("The FDCPA ... was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life.") (internal citations omitted). Even if the Court construed the misrepresentations that Mr. Garcia alleges as "procedural," he would still, following *Strubel*, have standing to sue.

Furthermore, while the Second Circuit has not applied *Spokeo* to the FDCPA, most courts evaluating FDCPA actions after *Spokeo* have concluded that the Act creates substantive rights that, when violated, generate concrete injury. *See, e.g.*, *Church v. Accretive Health, Inc.*, 654 Fed. App'x. 990, 995 (11th Cir. 2016) (per curiam) ("[The plaintiff] has sufficiently alleged that she has sustained a concrete—i.e., 'real'—injury because she did not receive the allegedly required disclosures. … Congress provided [the plaintiff] with a substantive right to receive certain disclosures and [the

plaintiff] has alleged that [the defendant] violated that substantive right"); *Bautz v. ARS Nat'l Servs., Inc.*, -- F. Supp 3d. --, No. 16CV768JFBSIL, 2016 WL 7422301, at *10 (E.D.N.Y. Dec. 23, 2016) ("[T]he FDCPA provision at issue here—15 U.S.C. § 1692e—differs from the FCRA section discussed in *Spokeo*, which "imposes a host of [procedural] requirements concerning the creation and use of consumer reports" that consumer reporting agencies must follow, and the TILA provisions and regulations at issue in *Strubel*, which impose certain mandatory disclosure requirements on creditors. Instead of requiring that debt collectors follow certain technical specifications, [the FDCPA] created a new private right and authorized private plaintiffs to sue based simply on the violation of that private right.") (internal citations omitted); *Zirogiannis v. Seterus, Inc.*, No. 15CV5884SJFARL, 2016 WL 7410541, at *6 (E.D.N.Y. Nov. 28, 2016) (allegations that a Collection Letter failed to state the accurate amount of the plaintiff's debt in violation of the FDCPA were sufficient to establish an injury in fact, "because plaintiff alleged that he was deprived of information to which he was statutorily entitled."); *Remington v. Fin. Recovery Servs., Inc.*, No. 3:16-CV-865 (JAM), 2017 WL 1014994, at *2 (D. Conn. Mar. 15, 2017) ("[T]he harm alleged by plaintiff is not harm resulting from a bare procedural violation; rather, the alleged harm is impairment of an FDCPA-created substantive right to truthful, non-deceptive information in debt collection communications.").

As the *Strubel* court noted, "Congress's authority to create new legal interests by statute, the invasion of which can support standing, is beyond question." *Strubel*, 842 F.3d at 188 (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (injury-in-fact may be based on "statutes creating legal rights")). The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir.2001). Because Mr. Garcia alleges a violation of a "statute creating legal rights," *Warth*, 422 U.S. at 500, he has claimed a "tangible" and "concrete" injury that gives him standing to pursue his claims. *Strubel*, 842 F.3d at 188-89 (acknowledging that "tangible harms are most easily recognized as concrete injuries," but noting that *Spokeo* "acknowledged that some intangible harms can also

6

qualify as such.").  As a result, Schiff's motion to dismiss Mr. Garcia's lawsuit under Rule 12(b)(1) is denied.

### B. Dismissal for Failure to State a Claim under Rule 12(b)(6)

Mr. Garcia alleges that the Letter violated "various provisions of the FDCPA, U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1)."  Compl. ¶ 17.  As a result of these violations, he alleges, he "has been damaged and is entitled to damages in accordance with the FDCPA."  *Id*. at ¶ 18.  Schiff argues that Mr. Garcia does not allege a violation under any of the FDCPA's provisions.  The Court agrees with Schiff's argument with respect to Mr. Garcia's claims under sections 1692d and 1692f of the FDCPA, but holds that Mr. Garcia's claims under section 1692e and 1692e(10) should not be dismissed.[1]

The FDCPA prohibits debt collectors from engaging in conduct that has "the natural consequence" of "harass[ing], oppress[ing], or abus[ing]" a debtor, 15 U.S.C. § 1692d, making a "false, deceptive, or misleading representation" to a debtor, 15 U.S.C. § 1692e, and using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f.  Each of the FDCPA's provisions includes non-exhaustive lists of examples of such prohibited practices in numbered subsections. 15 U.S.C. §§ 1692d-1692f.  Mr. Garcia alleges violations of sections 1692d, 1692e, and 1692f.

### 1. 15 U.S.C. § 1692d

The FDCPA prohibits conduct "the natural consequence of which is to harass, oppress, or abuse" a debtor. 15 U.S.C. § 1692d.  To state a claim under this section of the Act, a plaintiff must

---

[1] Mr. Garcia's opposition to the motion to dismiss does not address Schiff's motion to dismiss his claims under Sections 1692d and 1692f of the FDCPA. "Generally, but perhaps not always, a partial response reflects a decision by a party's attorney to pursue some claims or defenses and to abandon others."  *Jackson v. Fed. Exp*., 766 F.3d 189, 196 (2d Cir. 2014) (dismissing several claims as a result of the plaintiff's lack of response); s*ee also Hanig v. Yorktown Cent. Sch. Dist*., 384 F.Supp.2d 710, 723 (S.D.N.Y.2005) ("[P]laintiff appears to have abandoned her § 1983 claim under the Fourteenth Amendment, as she failed to oppose dismissal of that claim in her Memorandum of Law in Opposition to the present motion."); *Karout v. McBride*, No. 3:11CV1148 JBA, 2012 WL 4344314, at *1 (D. Conn. Sept. 21, 2012) (deeming certain claims "abandoned" because they were not addressed in the plaintiff's opposition); *Harte v. Ocwen Fin. Corp*., No. 13-cv-5410 (MKB), 2014 WL 4677120, at *8 (E.D.N.Y. Sept. 19, 2014) (collecting cases).  The Court, therefore, could presume that Mr. Garcia has abandoned these claims, but also notes that he has failed to state a claim on these grounds.

present non-conclusory allegations about the debt collector's allegedly harassing or abusive conduct. *See Shetiwy v. Midland Credit Mgmt.*, 980 F. Supp. 2d 461, 472 (S.D.N.Y. 2013) ("The Amended Complaint makes conclusory and formulaic allegations that two plaintiffs received harassing calls and mailings, but these allegations fail to plead a plausible violation sufficient to withstand dismissal under Rule 12(b)(6)."); *Franke v. Glob. Credit & Collection Corp.*, No. 3:10-CV-1535 WWE, 2010 WL 4449373, at *2 (D. Conn. Nov. 1, 2010) (dismissing claims because the "complaint [wa]s bare of any specific facts that would support a claim that the … letter had a natural consequence to harass, oppress or abuse"); *Sembler v. Attention Funding Trust*, No. 07-CV-2883049, 2009 WL 2883049, at *2 (E.D.N.Y. Sept. 3, 2009) (dismissing FDCPA claims where "the plaintiff merely alleged that communications contained 'threats and warnings' and were 'abusive and insulting,'" because the "content or nature of the 'threats' was not alleged, and the allegation that communications were 'abusive and insulting'" was "simply too vague and conclusory").  Mr. Garcia's allegations concern a single communication from Schiff.  Mr. Garcia does not point to language from the Letter that he found "harassing" or "abusive."  Without more, Mr. Garcia's argument that Schiff violated this section of the FDCPA is not plausible.

Furthermore, the Court notes that Mr. Garcia's allegations about the allegedly misleading letter differ in kind from the six examples of harassing conduct that Congress provided in 1692d. These examples, which include the use or threat of violence, the use of profane or threatening language, the use of public advertisements about debts or debtors, and the making of abusive and repeated telephone calls, indicate the type of conduct that this section was intended to address. While the list is non-exclusive, the examples serve as a guide for the Court in assessing the plausibility of Mr. Garcia's claims under Section 1692d.  *See* 15 U.S.C. § 1692d; *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011) (dismissing claims under Section 1692d and noting that "none of the conduct alleged by the plaintiffs is similar in seriousness" to any of the

examples in the subsections of 1692d).  Accordingly, Mr. Garcia does not state a plausible claim for a violation under § 1692d of the FDCPA.

### 2. 15 U.S.C. § 1692f

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The provision provides a non-exhaustive list of conduct that violates the Section, including collecting "any amount [not] expressly authorized by the agreement creating the debt or permitted by law," "causing charges to be made to any person for communications by concealment of the true purpose of the communication," and "communicating … regarding a debt by post card." *See* 15 U.S.C. § 1692f(1),(5), (7).

Mr. Garcia alleges that he received a single letter from Schiff that was misleading and therefore injurious.  While the language of Section 1692f's language is purposely broad, it is difficult to see how Mr. Garcia's allegations amount to "unfair or unconscionable conduct." *See Sussman v. I.C. Sys., Inc.*, 928 F. Supp. 2d 784, 787 (S.D.N.Y. 2013) (concluding that facts alleged by Plaintiff— that, "in an attempt to collect a debt for home telephone bills which the plaintiff did not owe, the defendant placed over 50 calls to the plaintiff's residential telephone lines without the plaintiff's consent"—"do not rise to the level of 'unfair or unconscionable' acts"); *Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 465-66 (E.D.N.Y. 1995) (plaintiff did not state an independent cause of action under Section 1692f when he alleged that he received debt collection letters that implied that legal action could be taken against him by saying "to withhold further action, return this statement with payment in full.").

Furthermore, courts have dismissed Section 1692f claims that do "not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006); *see also Tsenes*, 892 F.Supp. at 466 (holding that plaintiffs failed to state a claim under § 1692f where their "Complaint [wa]s devoid of support for the contention that the defendant engaged in practices that were 'unfair' or

'unconscionable' within the meaning of ... section [1692f]" because "all the allegations in the Complaint support claims asserted under either §§ 1692g or 1692e"); *Sussman,* 928 F.Supp.2d at 797 (dismissing the plaintiff's 1692f claim where other provisions of the FDCPA were found to have covered the conduct alleged in the complaint).  When a plaintiff has successfully alleged violations of other parts of 1692f, a court need not invoke Section 1692f, which "serves a backstop function, catching those unfair practices which somehow manage to slip by §§ 1692d & 1692e." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 530 (S.D.N.Y. 2013) (citing *Osborn v. Ekpsz, LLC*, 821 F.Supp.2d 859, 878 (S.D.Tex.2011)); *see also Rogers v. Capital One Servs.*, LLC, 447 Fed. App'x. 246, 249 (2d Cir.2011) (describing section 1692f as a "catchall provision").  In his Section 1692f claim, Mr. Garcia has not alleged any conduct that differs from his allegations under Section 1692e.  As the Court explains below, Mr. Garcia has stated a claim that Schiff violated Section 1692e.  For this reason, too, liability under Section 1692f is inappropriate and is therefore dismissed.

### 3. 15 U.S.C. § 1692e

Section 1692e of the FDCPA prohibits, *inter alia*, the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  The sixteen subsections of Section 1692e set forth a non-exhaustive list of practices that fall within this prohibition, although "a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections of § 1692e." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993); *see also Tsenes*, 892 F. Supp. at 464 ("The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban."). As the Second Circuit has noted, this provision has a "broad sweep," such that "the use of any false, deceptive, or misleading representation in a collection letter violates § 1692e." *Clomon*, 988 F.2d at 1320.

Courts analyze whether a debt collector's communications to a consumer are false or misleading under Section 1692e using a "least sophisticated consumer" standard.  *Russell v. Equifax*

*A.R.S.*, 74 F.3d 30, 33-34 (2d Cir.1996).  As the Second Circuit has explained, because the Act is aimed at protecting all consumers, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives."  *Id.*

"[A] collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate."  *Avila v. Riexinger & Assocs.*, *LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (internal citations omitted).  In *Avila*, the Second Circuit held that collection notices were misleading because they stated the "current balance," but "did not disclose that the balance might increase due to interest and fees." *Id.* at 74.  In that case, the plaintiffs had alleged that they believed, after reading the notice, that their "current balance" was "static[,]" when in fact interest was at a daily rate equivalent to 500% per year.  *Id.*  The court concluded that "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees," citing "the congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e." *Id.* at 76.

Mr. Garcia argues that the Letter was misleading because it "failed to provide information as to discrepancy in the balances, and failed to provide a breakdown as to credits, payments and interest."  Pl.'s Opp. Mem., 6-7. The Letter included two balances—a "charge-off balance" and a "current balance"—and did not explain why the two balances were different.  *See* Letter, 1. Furthermore, it indicated that Mr. Garcia's "post charge-off payments and credits" were "$0," creating additional confusion about why the "current balance" would be lower than the "charge-off balance." *See id.*

Schiff explains in its motion to dismiss that the two balances differed because Mr. Garcia made a post charge off payment which resulted in the balance changing after it was charged off.  Def.'s Mem., 11.  While Schiff's post-hoc explanation is clarifying, it only accentuates the fact that the

Letter was "open to more than one reasonable interpretation," *Avila*, 817 F.3d at 75, and needed further clarification.

At this stage of the proceedings, when this Court must accept Mr. Garcia's allegations as true, the Court concludes that the least sophisticated consumer might be confused by the Letter's reference to multiple amounts of debt, particularly because the Letter suggested that a payment may have been made but did not clarify that it was received. *See Harrison v. NBD Inc.*, 968 F. Supp. 837, 849 (E.D.N.Y. 1997) (observing that "the least sophisticated consumer may become confused as to the amount due," because "[a]lthough the letter states twice that the plaintiff's liability is $247.86, the letter also states three times that the "balance due" is $1,979.00."). Given the "congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e," *Avila*, 817 F.3d at 76, the Court concludes that Mr. Garcia has stated a claim for violation of this section of the FDCPA.

Mr. Garcia also alleges that Schiff violated subsections 1692e(2), 1692e(5), 1692e(7), 1692e(8), and 1692e(10) of the FDCPA. Schiff argues that each allegation is conclusory. Although the Court notes that a "debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections," *Clomon*, 988 F.2d at 1318, it agrees with Schiff that Mr. Garcia's Complaint, to the extent that it alleges violations of subsections 1692e(2), 1692e(5), 1692e(7), and 1692e(8), fails to state a claim upon which relief can be granted.

### a.   15 U.S.C. § 1692e(2)

Subsection 1692e(2) prohibits the "false representation" of either "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(A)-(B). To state a claim under Section 1692e(2) a plaintiff must point to a false representation or "allege that the amount sought by the collector is incorrect." *Pifko v. CCB Credit Services, Inc.*, No. 09-CV-3057 (JS), 2010 WL 2771832, at *5 (E.D.N.Y. July 7, 2010) (citing *Sanchez v. United Collection Bureau, Inc.*, 649

F.Supp.2d 1374, 1380 (N.D.Ga.2009) ("Pifko does not allege that the total amount of debt in the letter was a misrepresentation. Thus, Pifko does not state a valid Section 1692e(2)(A) claim."). Mr. Garcia does not allege that Schiff was not authorized to collect the amount of debt listed in the Letter. Rather, he alleges that the Letter did not clarify the amount of debt Schiff sought to collect.  He has therefore failed to state a claim under this subsection, although he has successfully alleged that the Letter violated Section 1692e's general prohibition against "deceptive" or "misleading" representations.

### b.  15 U.S.C. § 1692e(5)

The FDCPA prohibits a debt collector's use of a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). A false threat exists where the least sophisticated consumer "would interpret the [debt collector's] language to mean that legal action was authorized, likely, and imminent." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993).  When assessing a claim that a debt collector falsely threatened legal action, the Court should determine whether the least sophisticated consumer would believe that "legal action has already been or is about to be initiated and can be averted from running its course only by payment." *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir.1989) (finding that a threat existed based on the combination of the following statements: "Notice Is Hereby Given That This Item Has Already Been Referred for Collection Action"; "We Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment In Full"; "Pay This Amount Now If Action Is To Be Stopped").

The only reference in the Letter to a legal action is in an invitation for Mr. Garcia to contact Schiff to dispute his debt, after which the Letter notes that "once we receive your letter, we may not contact you again, except to let you know that … we intend to take a specific action."  *See* Letter, 2. Even the least sophisticated consumer would not understand this reference to mean that "legal action

was authorized, likely, and imminent," *Bentley,* 6 F.3d at 62. Mr. Garcia has not alleged a false threat in violation of subsection five of § 1692e.

### c.   15 U.S.C. § 1692e(7)

The FDCPA prohibits the "false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7). To survive a motion to dismiss, a complaint under this subsection must explain how a debt collector's actions disgraced the plaintiff. *Compare Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 470 (E.D.N.Y. 2015) (denying motion to dismiss claims under § 1692e(7) because the "allegations … set forth how the plaintiff was disgraced, i.e., through defendant's attack on plaintiff's character by assuming that plaintiff was purposefully not paying the debt in hopes that it would be forgotten"), *with Oscar v. Prof'l Claims Bureau, Inc.*, No. CV11-5319 SJF WDW, 2012 WL 2367128, at *4 (E.D.N.Y. June 1, 2012), *report and recommendation adopted*, No. CV-11-5319 SJF WDW, 2012 WL 2367136 (E.D.N.Y. June 19, 2012) (dismissing claim because the plaintiff failed to plead "how or why she was disgraced by the language of the Collection Letter"). In *Oscar*, the court emphasized that a "bald statement" that a debt collector's letter "disgraced" the plaintiff was a "recitation of language of the statute, which fails to satisfy the *Iqbal/Twombly* standard." *Id.* Mr. Garcia does not even recite the language of Section 1692e(7), making his claims even less viable than the ones dismissed in *Oscar*. Because Mr. Garcia does not point to any disgraceful representations in Schiff's letter, he therefore fails to state a claim for a violation of Section 1692e(7).

### d.   15 U.S.C. § 1692e(8)

The FDCPA prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e. That section is "not limited to communications with credit reporting agencies," but also "applies to communications with 'any

person.'" *Kinel v. Sherman Acquisition II, LP*, No. 05-cv-3456 (KMW), 2007 WL 2049566, at *1 (S.D.N.Y. July 13, 2007).  Mr. Garcia has not alleged that Schiff communicated or threatened to communicate false information to anyone.  He therefore fails to state a claim for a violation of § 1692e(8).

> **e.   15 U.S.C. § 1692(10)**

Mr. Garcia's also alleges a violation of 1692e(10).  Subsection 1692e(10) reiterates the section's general prohibition of false or deceptive representations and adds that such misrepresentations may not be used to attempt to collect any debt or obtain information concerning consumers.  A debt collection letter can be deceptive within the meaning of section 1692e(10) if the terminology used is "vague or uncertain," *Pipiles*, 886 F.2d at 25, or it can reasonably be read to have at least "two different meanings, one of which is inaccurate," *Avila*, 817 F.3d at 75.  As noted above, Mr. Garcia's allegations are sufficient to state a claim that the debt collection letter can reasonably be read to have at least two different meanings.  As a result, Mr. Garcia's 15 U.S.C. § 1692(10) claim can proceed.

## IV.   Conclusion

Defendant's motion to dismiss is GRANTED in part and DENIED in part.  The Court dismisses Mr. Garcia's claims under 15 U.S.C. § 1692d and 15 U.S.C. § 1692f.  It denies the motion to dismiss Mr. Garcia's claims under 15 U.S.C. § 1692e and 1692e(10), but concludes that Mr. Garcia has not stated a claim under subsections § 1692e(2), § 1692e(5), § 1692e(7), and § 1692e(8).

SO ORDERED at Bridgeport, Connecticut this 30th day of March 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE