UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LUIS GARCIA,
Plaintiff,
     v.                                    Case No.: 3:16-cv-791-VAB

LAW OFFICES OF HOWARD
LEE SCHIFF, P.C.,
Defendant.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Luis Garcia ("Mr. Garcia") hereby submits this Memorandum of Law in Opposition to the Motion for Summary Judgment of defendant Law Offices of Howard Lee Schiff, P.C. ("Defendant").

**PROCEDURAL BACKGROUND**

On May 23, 2016 Mr. Garcia filed a complaint (the "Complaint") against Defendant, setting forth allegations of deceptive, misleading and false debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA").

Defendant moved to dismiss Plaintiff's claims for lack of standing and for failure to state a claim upon which relief could be granted. [ECF No. 9]. On March 30, 2017, this Court granted in part and denied in part Defendant's motion, allowing Mr. Garcia's Complaint to proceed on his claims against Defendant for violations of §1692e and §1692e(10). [ECF No. 17]. On May 30, 2017, the Parties held a phone call with the

Corut to request a Settlement Conference. [ECF Doc 22]. At that time, counsel for Plaintiff and Defendant agreed that both sides would abstain from serving discovery until they had participated in court facilitated settlement discussions. (See Affidavit of Yaakov Saks, Esq.¶ 5). Despite this conversation, however, Defendant did not abstain and served discovery demands on Plaintiff on May 31, 2017. On July 6, 2017, the Court held the Settlement Conference before Judge Holly B. Fitzsimmons but the case did not settle. [ECF Doc 28, 29]. At that time, Plainitiff's counsel requested thirty days to respond to Defendant's discovery demands, but defense counsel refused. (See Affidavit of Yaakov Saks, Esq, ¶ 7). Thereafter, on July 7, 2017, the Court issued its initial Scheduling Order. [ECF Doc. 30] which provided for discovery to run until December 29, 2017 and dispositive motions to be filed by January 15, 2018. Simultaneous to the Court's initial issuance of its Scheduling Order, Defendant filed the within Motion for Summary Judgment. [ECF Doc 31]. On August 3, 2017, Plaintiff filed a Motion to Withdraw and Amend his Responses to Admissions. This motion is currently pending before the Court.

## STANDARD OF REVIEW

A grant of summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to

overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2nd Cir. 1986), *cert. denied*, 480 U.S. 932, 94 (1987). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "Summary judgment is justified only for those cases devoid of any need for factual determinations." *Offshore v. Aviation v. Transcon Lines, Inc.,* 831 F.2d 1013, 1016 (11th Cir. 1987). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F.Supp. 2d, 454, 467 (S.D.N.Y. 2011).

## LEGAL ARGUMENT

**I.   WHERE THERE IS NEW FACTUAL EVIDENCE TO BE INTRODUCED, AN ISSUE OF FACT EXISTS AND SUMMARY JUDGMENT MUST BE DENIED.**

On June 22, 2017, Defendant sent another collection letter to Mr. Garcia, care of his attorney, Yaakov Saks, Esq. (See Exhibit B attached hereto). The new collection letter is seeking collection of the same debt as the letter in the present action. The new letter is almost identical to the previous letter that serves as the basis to this action but is even more egregious. The new, June 22, 2017 letter states as follows:

| | |
|---|---|
| Charge-Off Balance: | $663.94 |
| Post Charge-Off Interest Accrued: | $0 |
| Post Charge-Off Fees Accrued: | $0 |
| Post Charge-Off Payments and Credits | $9,804,800,000,000.00 |
| Current Balance | $565.46 |

First, this letter is misleading and deceptive because it states two separate balances: one for $663.94 and one for $565.46. These separate and conflicting

3

balances are identical to those set forth in the defendant's February 12, 2016 letter to Mr. Garcia.  Second, the letter is false as it states the "post charge-off payments and credits" is $9,804,800,000,000.00.  This is an obviously false statement and only serves to confuse the least sophisticated consumer more about the amount he owes on the debt.  This new letter violates U.S.C. §1692e and §1692e(10) just as the February 12, 2016 violates these provisions of the FDCPA.  With this new material factual evidence, Defendant's Motion must be denied.

      Subsequent to the filing of this Memorandum in Opposition to Defendant's Summary Judgment Motion Mr. Garcia intends to file a Motion For Leave to Amend the Complaint to include the violations found in the June 22, 2017 letter.  As Defendant's June 22, 2017 letter seeks to collect on the same debt as its February 12, 2016 letter, it is logical that the causes of action generated by the violations in these two letters should be joined in the current Complaint.  As Defendant's June 27, 2017 letter brings new facts into this case, Defendant's Motion for Summary Judgment must be denied.

## II.  Defendants' Collection Letters Violate the FDCPA

      The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692e. It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Baker v. GC Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which

harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with collection of a debt.

A debt collector's communications are analyzed "from the perspective of the least sophisticated debtor" or least sophisticated consumer. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* Accordingly, courts construe its language broadly, so as to effectuate its purpose. *Id.* A debt collection letter is deceptive where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3rd Cir. 2000). Here, Defendant's conduct falls squarely within the realm of conduct from which the FDCPA seeks to protect consumers. Defendant's collection letters are confusing and misrepresent the amount of the alleged outstanding debt and the amount Mr. Garcia has paid on his account.

In the collection letters, Defendant fails to provide a proper explanation as to the true balance of the debt, fails to provide information as to discrepancy in the balances, and provides a ridiculously false amount of credits, payments and interest paid by Plaintiff to-date. These omissions are egregious and more than technical or trivial. The possibility of deceptive collections is even greater here when dealing with the least sophisticated consumer, who can easily be deceived and unjustly be induced to pay what he does not owe.

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt," 15 U.S.C.

§1692e, §1692e(10).  As the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store,* 736 F.3d at 98.

With respect to debt collector's unacceptable practices that lead to consumer's misunderstanding, the First Circuit observed that:

> "confusion can occur in a myriad of ways, such as when a letter visually buries the required validation notice, contains logical inconsistencies, fails to explain an apparent inconsistency, or presents some combination of these (or similar) vices…. The emphasis, then, is on practical effect." *Pollard*, 766 F.3d 98 (1st Cir. 2014); *see also Swanson v. Southern Oregon Credit Servs, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1989).

Here, by failing to provide a proper explanation as to the true balance of the debt and failing to provide accurate and concrete information as to the actual amount of the alleged outstanding debt and amounts paid after charge-off, Defendant created confusion that is not permitted by the FDCPA.  No indication is given in the letters that a post charge off payment was applied.  And no idiosyncratic interpretation of the collection letters is necessary here to plainly see that an inconsistency as to the actual amount of the debt exists that can only be construed against Defendant, the drafter of the collection letters. Clearly, Defendant effectuated deceptive and unjust collections of monies allegedly owed by Mr. Garcia in clear violation of the FDCPA.  The issue of whether Defendant's letters were deceptive and misleading and violated the FDCPA is an issue of fact for a court or jury to decide.  When viewing this set of facts in the light most favorable to Mr. Garcia, the non-moving party, Defendant did in fact violate the FDCPA.  Accordingly, Mr. Garcia

6

has stated a claim upon which relief can be granted and a motion for judgment is inappropriate under the circumstances. The motion should be denied.

## II. Mr. Garcia's pending Motion to Withdraw and Amend his Responses to Admissions should be granted making this Summary Judgment Motion moot.

On August 3, 2017, Mr. Garcia filed a Motion for Leave to Withdraw and Amend his Responses to Admissions which is currently pending before this Court. If the Motion is granted, Defendant's Summary Judgment Motion will be moot. Mr. Garcia was forced to file the Motion for Leave to Withdraw and Amend his Responses to Admissions because the parties were unable to resolve their discovery disputes. Plaintiff has been prejudiced by Defendant's seeming unwillingness to address this discovery dispute with the court.

## III. There are outstanding discovery disputes before this Court which are ripe for adjudication making Defendant's Summary Judgment Motion Premature.

### A. First dispute

The first discovery dispute pending before this Court is whether the Admissions propounded by Defendant on Mr. Garcia should be deemed admitted for his failure to timely respond to discovery requests. Mr. Garcia's failure to respond to Defendant's Request for Admissions is the subject of the pending discovery dispute.

The outstanding discovery issue surrounds the May 30, 2017 conversation between plaintiff and defense counsel where both agreed to hold off serving discovery until the parties could participate in a settlement conference with the Court. (See Affidavit of Yaakov Saks ¶ 5). Despite this agreement between counsel, defense

counsel propounded discovery demands on Plaintiff the very next day. Plaintiff recognizes that under the Federal Rules of Civil Procedure either party has the right to propound discovery once the defendant has answered; however, defense counsel reneged on the agreement between the parties in prematurely serving these discovery demands. Counsel for the parties conferred again at their settlement conference on July 6, 2017, Plaintiff's counsel requested that Defendant afford him thirty days from that date to provide responses to Defendant's discovery demands. Defense counsel refused this request as well (See Affidavit of Yaakov Saks ¶ 8). Despite having agreed to wait until after the settlement conference to issue discovery demands, Defendant filed the subject Motion for Summary Judgment **the very next day**, before the Court had even issued its scheduling order setting forth discovery deadlines. The sole basis for Defendant's Motion is based on its Requests for Admissions to which Mr. Garcia has not yet responded and therefore Defendant deems admitted.

Plaintiff's sole remedy to address these matters has been to file the pending Motion to Withdraw and Amend his Responses to Admissions. The Court should grant this motion as doing so would not prejudice the Defendant and affording Mr. Garcia time to properly respond to Defendant's Request for Admissions would serve in allowing this Court to adjudicate the merits of this case. *See Fed. R. Civ. Proc. 36(b).*

**B.    Second Dispute**

The second discovery dispute is that the within Motion is premature as Mr. Garcia has been afforded no time to conduct discovery in this case. Defendant unfairly and prematurely served Mr. Garcia with discovery after an agreement not to do so, and

then unfairly refused to provide him with ample time to respond to those requests. Furthermore, Defendant did not meet and confer with Plaintiff prior to filing the within motion, contrary to the Local Rules. Further, Plaintiff's counsel has conferred with defense counsel on numerous occasions and requested that the parties call the Court regarding these discovery disputes. (see Affidavit of Yaakov Saks ¶ 12, 13 ). Defense counsel has repeatedly stated that she does not believe that there is any sort of discovery dispute and, on every occasion, has stated she does not believe a call with the Court is necessary.

### C.     Third Dispute

Additionally, on July 28, 2017, while its Motion for Summary Judgment is pending, Defendant served Mr. Garcia with a deposition subpoena. The defendant simply cannot have its cake and eat it too. Moreover, if Defendant wishes to take the deposition of Mr. Garcia, it is apparent that Defendant concedes there are, in fact, outstanding issues of material fact and its Motion for Summary Judgment is filed prematurely and in bad faith.

Due to the unorthodox discovery issues at play in this matter, Mr. Garcia should be afforded the opportunity to withdraw and amend his answers to admissions. If the Court grants this Motion the defendant's Summary Judgment motion, based entirely on these admissions will be moot and must be dismissed as such.

### CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment should be denied in its entirety.

Dated:  August 4, 2017                    Respectfully submitted,

*/s/ Yaakov Saks*
Yaakov Saks, Esq.
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ 07601
Tel: (201) 282-6500 x101
Fax: (201) 282-6501
Email: ysaks@rclawgroup.com
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Yaakov Saks*
Yaakov Saks, Esq.