UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LUIS GARCIA                                                    CIVIL ACTION NO.  3:16 CV 00791 VAB
    Plaintiff

vs

LAW OFFICES HOWARD LEE SCHIFF P.C.
    Defendant                                                  AUGUST 11, 2017

### DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant hereby responds to the plaintiff's August 4, 2017 Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment as follows:

**1. Requests for Admissions Served on May 30, 2017 Never Answered by Plaintiff:**

Defendant served Requests for Admissions, Interrogatories and Requests for Production on plaintiff by date of *May 30, 2017*. Plaintiff has failed to respond to all of the discovery requests served by defendant as of this date. Contrary to the representations made by plaintiff's counsel, there was no agreement between counsel that discovery would not be served until after the parties' Settlement Conference, and there is no valid excuse as to why the Requests for Admissions remain unanswered. *See Affidavit of Jeanine M. Dumont In Opposition to Plaintiff's Motion to Amend or Correct filed on August 4, 2017.* Even now, when plaintiff seeks to "amend or correct" the responses which were deemed admitted, plaintiff has utterly failed to serve responses to the Requests for Admissions. Plaintiff is asking that admissions to be set aside, yet he has made absolutely no attempt to answer them in good faith. In cases where the Courts have permitted admissions to be amended or withdrawn under Fed. R. Civ. Proc. 36(b), the responding party *has actually provided some response to the Requests for Admissions. See e.g., Klorczyk v. Sears, Roebuck & Co., Docket No. 3:13 cv 257 (JAM) (Fitzsimmons, J.; April 9, 2015); Broadcast Music, Inc. v. The Hub at Cobb's Mill, LLC., Civil Action No. 3:13-CV-01237 (VLB)*

1

(Bryant, J.; March 31, 2015). Without any explanation, plaintiff continues to fail to answer the Requests for Admissions—even after this Motion for Summary Judgment was filed and it has become apparent that the plaintiff is obligated to answer. Therefore, the Motion for Summary Judgment is properly based upon the Requests for Admissions being deemed admitted as provided under Fed. R. Civ. Proc. 36(a)(3), and should be granted.

### 2. **Defendant Would Be Prejudiced by Allowing Amendment or Withdrawal of the Admissions:**

The parties participated in a Settlement Conference on July 6, 2017 which required the clients' attendance. Defendant's Managing Attorney attended but Attorney Saks neglected to bring his client to the Settlement Conference without the Court's permission. Defendant's counsel devoted hours to the preparation and attendance at the Settlement Conference—many of those hours were devoted laboring under the belief that the Requests for Admissions would be deemed admitted since they were unanswered. Again, inexplicably, no mention of the alleged agreement between counsel was ever raised by Attorney Saks during the Settlement Conference. Defendant has now filed this Motion for Summary Judgment relying on the undisputed fact that the Requests for Admissions have been deemed admitted under Fed. R. Civ. Proc. 36. As Attorney Saks' points out, the undersigned has been forced to notice the deposition of the plaintiff to be prepared to address the issues in this case in the event that plaintiff is permitted to withdraw or amend the responses to the Requests for Admissions.[1] Thus, defendant would be prejudiced if plaintiff were allowed to amend or withdraw the admissions at this stage given the time and effort that has been devoted to this case. *See Tourmaline Partners, LLC V. Nicola Monaco*, Civ. No. 3:13CV108 (WWE) (Fitzsimmons, J.; September 23, 2014) (court finding that

---

[1] This deposition was scheduled for today, August 11, 2017, but Attorney Saks has given notice that he is "unable to attend" due to another court appearance, and he will not be available for any depositions until September. So, defendant continues to be completely deprived of any discovery in this case.

2

*plaintiff would be "further prejudiced" if non-responsive party is permitted to withdraw and amend responses); see also Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir. 1966) (if there are "compelling circumstances," the court may permit untimely replies to avoid the admission").* Here, plaintiff has provided no valid excuse for his failure to answer the Requests for Admissions, and at the same time, defendant will be prejudiced if he is permitted now to amend or withdraw the admissions.[2]

      3. **Deadline for Amendment to Complaint Passed Over a Year Ago:** Plaintiff's counsel argues that plaintiff should be permitted to amend his complaint to assert a new violation of the FDCPA against the defendant.[3] What he fails to disclose is that the deadline for amending the complaint was July 22, 2016—over one year ago—and therefore, plaintiff has no right to seek an amendment of the complaint at this time. Plaintiff has failed to demonstrate that good cause exists to permit such a belated amendment to the complaint:

> Courts should grant applications to amend unless there is good reason to deny the motion such as "futility, bad faith, undue delay, or undue prejudice to the opposing party." Min Jin v. Metro Life Ins. Co. , 310 F.3d 184, 101 (2d Cir. 2002). A separate standard, however, applies for modifications to a scheduling order under Federal Rule of Civil Procedure 16. That rule provides that such a schedule "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b). The more onerous "good cause" standard applies where a scheduling order sets a deadline for amending a complaint. See Parker v. Columbia Pictures Indus. , 204 F.3d 326, 339-40 (2d Cir. 2000); Grochowski v. Phoenix Constr. , 318 F.3d 80, 86 (2d Cir. 2003); Lincoln v. Potter, 418 F.Supp.2d 8 443, 453 (S.D.N.Y. 2006) ("When a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, he must satisfy the good cause requirement of Fed.R.Civ.P. 16(b)..."). "Good cause' requires a greater showing than excusable neglect.' At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. The inquiry focuses on the moving party's reason for requesting the extension." Pyke v. Cuomo, No. 92CV554(NPM/DRH),

---

[2] Mr. Garcia states in his Affidavit that the February 12, 2016 letter "did not give me credit for post charge off amount I paid and because it stated that I owed different amounts which was confusing to me." *See Affidavit of Plaintiff Luis Garcia in Support of Plaintiff's Opposition to Defendant's Motion to Summary Judgment* ¶7. This is untrue. Mr. Garcia was given full credit for post charge off payments—and he has failed to provide us with any information which suggests otherwise. Moreover, the letter did not state that he owed different amounts. Defendant has been completely deprived of discovery responses to understand and respond to his statements more completely.

[3] No motion to amend the complaint has even been filed by the plaintiff as of this date.

2004 WL 1083244, at *2 (N.D.N.Y. May 12, 2004) (internal citations omitted). The Second Circuit has emphasized that "the primary consideration" in determining whether good cause has been shown "is whether the moving party can demonstrate diligence." Kassner v. 2nd Avenue Delicatessen Inc. , 496 F.3d 229, 244 (2d Cir. 2007).

*Faghri v. University of Connecticut,* Civil Action No. 3:06-cv-01957 (VLB) (D. Conn. June 3, 2010). This is not an instance in which plaintiff is seeking to expand the existing cause of action, but one in which the plaintiff is seeking to add a completely new cause of action based upon new facts. Further, this "amendment" was only offered *after* the Settlement Conference and *after* defendant filed this Motion for Summary Judgment.[4] Again, inexplicably, there was no mention at all of the alleged "new violation" by Attorney Saks during the Settlement Conference on July 6. Plaintiff did not even raise the issue of seeking to amend the complaint until *after* the motion for summary judgment had been filed, and only then, when he was seeking an extension of time to respond to the motion for summary judgment. If this "new violation" is so vital to Attorney Saks' case, it should have been raised, at the very least, during the Settlement Conference. Therefore, it appears that this "amendment" is really an afterthought and solely intended to distract from the real issues presented by defendant's Motion for Summary Judgment.

4. **There Has Been No Additional Violation of the FDCPA:** Of great concern is the fact that Attorney Saks is attempting to assert that there is a "new violation" of the FDCPA by defendant—when there is clearly no violation at all. This letter, by his own admission, was addressed to and received by **Attorney Saks—who is not a consumer** within the meaning of the FDCPA. 15 U.S.C. §1692a(3) provides: "The term "consumer" means any natural person obligated or allegedly obligated to pay any

---

[4] It should also be noted that defendant previously moved to dismiss the complaint herein, and ultimately, a majority of plaintiff's complaint was dismissed by this Court. Allowing an identified amendment to the complaint at this time would open the pleadings.

4

debt." Notably absent is any reference to the consumer's attorney constituting a "consumer" for purposes of the FDCPA.

> The weight of authority applying section 1692e does so in the context of a debt collector making a false, deceptive, or misleading representation to the plaintiff....Thus, the Act is limited to protecting consumers and those who have a special relationship with the consumer— such that the Act is still protecting **the consumer— from statements that would mislead these consumers.** The Act is not similarly interested in protecting third parties....Congress did not view attorneys as susceptible to the abuses that spurred the need for the legislation.

*O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938 (7th Cir. 2011) (citations omitted and emphasis added).* This position is strongly supported by the case law: *Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934-35 (9th Circuit 2007)("communications directly solely to a debtor's attorney are not actionable under the Act"* because *"[u]nsophisticated consumers are easily bullied and misled. Trained attorneys are not"*); *Kropelnicki v. Siegel, 290 F.3d 118 (2nd Cir. 2002) (In dicta, this Court held: "Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior"); Massa v. I.C. System, Inc., 2007 WL 2316470 (S.D. Ind.; August 10, 2007)(letters from a debt collector to a consumer's attorney are not actionable under the FDCPA).* When the debt collector communicates exclusively with an attorney hired to represent the debtor in the matter, the Act no longer apply to those communications.  "Leave to amend need not be granted... where the proposed amendment would be futile." *Passlogix, Inc. v. 2FA Technology, LLC, No. 08 Civ. 10986 (PKL), 2010 U.S. Dist. LEXIS 44182, at * 71 (S.D.N.Y. April 27, 2010).*  Therefore, even if plaintiff filed a motion to amend and was then permitted to amend his complaint to include this alleged violation of the FDCPA, the FDCPA would not apply to this communication to plaintiff's attorney.

WHEREFORE, defendant respectfully requests that this Court grant its Motion for Summary Judgment in this case, and entry judgment for the defendant.

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF P.C.

_____
Jeanine M. Dumont   ct 05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were electronically served and mailed, postage prepaid, on AUGUST 11, 2017 to the following counsel of record:

**FOR PLAINTIFF**
YAAKOV SAKS
RC LAW GROUP PLLC
285 PASSAIC STREET
HACKENSACK, NJ  07601

_____
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**