UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS GARCIA,<br>    Plaintiff,<br><br>  v.<br><br>LAW OFFICES HOWARD LEE SCHIFF,<br>P.C.,<br>    Defendant. | No. 3:16-cv-00791-VAB |

**RULING ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW ADMISSIONS**

Luis Garcia ("Plaintiff") sued the Law Offices of Howard Lee Schiff, P.C. ("Defendant" or "Schiff"), alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), because of a collection letter concerning the balance due on Mr. Garcia's First Premier Bank Visa credit card. Schiff has moved for summary judgment, arguing that Mr. Garcia failed to timely respond to a request for admission, those facts are deemed admitted and that therefore there remain no disputes of material fact. Mr. Garcia subsequently moved to withdraw his admissions under Federal Rule of Civil Procedure 36(b).

For the reasons state below, Garcia's motion is **GRANTED.** Schiff's motion is therefore **DENIED** as premature and without prejudice to renewal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Mr. Garcia lives in Waterbury, Connecticut. *See* Compl. ¶ 4, ECF No. 1. Schiff, a law firm, located in East Hartford Connecticut, is a "debt collector" under 15 U.S.C. § 1692(a)(6) and the FDCPA. *Id.* ¶ 5.

1

Mr. Garcia alleges that he received a collection letter from Schiff regarding his First Premier Bank account. *Id*. ¶ 9. The letter stated that his account was "being serviced by Law Offices of Howard Lee Schiff, P.C." The letter stated that the "charge off balance" was $633.94 and the "current balance" was $565.46, although the letter also listed "$0" next to a section labelled "post charge-off payments & credits." Compl. ¶¶ 10-11; *see also* Letter, Mot. to Dismiss, Ex. 1, ECF No. 11. Mr. Garcia alleges that the Letter "ma[de] it impossible for a consumer to know how much is owed and if the debt will be considered paid if payment is made in full." Compl. ¶ 13. He further alleges that the letter violated the FDCPA, which prohibits "deceptive, misleading, and unfair debt collection practices." Id. ¶¶ 15-17.

**B.      Procedural History**

Mr. Garcia filed the initial complaint in this matter on May 23, 2016, alleging that Schiff's letter violated "various provisions of the FDCPA, U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1)." Compl. ¶ 17. Schiff then moved to dismiss the Complaint, arguing that Mr. Garcia did not have standing and that he had failed to allege violations of the FDCPA. *See* Mot. to Dismiss, ECF No. 10.

The Court allowed two claims to proceed but dismissed the rest. *See* Ruling on Def. Mot. to Dismiss, ECF No. 17. The Court held that Mr. Garcia had standing to sue. *Id.* at 4-7. The Court concluded that "that the least sophisticated consumer might be confused by the Letter's reference to multiple amounts of debts . . . ." and therefore allowed claims to proceed under 15 U.S.C. §§ 1692e. *Id.* at 12. It also held that Mr. Garcia had pleaded violations of 15 U.S.C. § 1692e(10), a subsection that "reiterates the section's general prohibition of false or deceptive representations and adds that such misrepresentations may not be used to attempt to collect any debt or obtain information concerning consumers." *Id.* at 15. The remaining claims under 15

U.S.C. §§ 1692e(2), 1692e(5), 1692e(7), 1692e(8) were dismissed under Federal Rule of Civil Procedure 12(b)(6). *Id.* Additionally, the Court dismissed claims under 15 U.S.C. § 1692d, finding that Mr. Garcia had not "point[ed] to language from the Letter that he found 'harassing' or 'abusive.'" *Id.* at 8. The Court also dismissed claims under 15 U.S.C. § 1692f, finding that the single letter Mr. Garcia received from Schiff was insufficient to demonstrate "unfair or unconscionable conduct." *Id.* at 9.

Following the Court's Ruling, the parties submitted a joint report of their planning meeting under Federal Rule of Civil Procedure 26(f). *See* Report, ECF No. 20. The parties contemplated that "[a]ll discovery . . . will be commenced by June 1, 2017 and completed (not propounded) by November 30, 2017." At a settlement conference, Magistrate Judge Fitzsimmons denied a "blanket extension request of sixty (60) days," but ordered that "[a]ll discovery, including depositions of expert witnesses will be completed (not propounded) by December 29, 2017." *See* Scheduling Order, ECF No. 30. Dispositive motions were to be due by January 15, 2018. *Id.*

On July 7, 2017, the same day the scheduling order was entered, Schiff moved for summary judgment. *See* Def. Mot. Summ. J., ECF No. 31. Schiff argued that Mr. Garcia had failed to respond to several requests for admission that were served on May 31, 2017. Schiff therefore argued that those matters were deemed admitted under Federal Rule of Civil Procedure 36.[1] *Id.* at 2. Additionally, Defendant argued that these admitted facts demonstrated that "there

---

[1] Defendant argued that Plaintiff had therefore admitted the following facts: (1) "[t]he defendant's February 12, 2016 letter accurately stated that the charge off balance on the First Premier Bank Account was $663.94;" (2) "[t]he defendant's February 12, 2016 letter accurately stated the current balance due on the account was $565.46; (3) "[n]o false information was given in the February 12, 2016 letter;" (4) "Plaintiff suffered no injuries or damages as a result of receiving the February 12, 2016 letter;" (5) "[t]he defendant's February 12, 2016 letter was clear as to the amount which was claimed as due and owing" (6) "[d]efendant's February 12, 2016

3

was nothing 'false' or 'misleading' contained in the February 12, 2016 letter" and therefore no violation of 15 U.S.C. §§ 1692e and 1692e(10). *Id.* at 4.

Mr. Garcia then moved to amend or withdraw his responses to admission on August 3, 2017. *See* Pl. Mot. to Amend., ECF No. 35. He argued that counsel for both parties had "agreed that the parties would not serve discovery in this matter until they had participated in a Settlement Conference," but that counsel for the defendant had breached that agreement by prematurely serving requests for admission. *Id.* ¶¶ 1-2.

Additionally, he argues that his counsel contacted counsel for Defendant "and requested that they call the Court to decide the pending discovery dispute . . ." but counsel refused and then moved for summary judgment. *Id.* ¶ 8. Citing Rule 36, Mr. Garcia "requests leave of this Court to Withdraw and Amend its [sic] Response to Admissions," stating that he intended to file an amended complaint, had valid claims against the Defendant, and that Defendant would not be prejudiced because discovery had yet to be completed and would not be due for several more months. *Id.* ¶¶ 10-13. Plaintiff also submitted an affidavit signed by his counsel, Yaakov Saks, in support of the motion. *See* Saks Aff., Pl. Mot. to Amend., Ex. 1, ECF No. 35-1.

Schiff did not file a response to the motion. Instead, Jeanine Dumont — a partner at Schiff who has filed an appearance for Schiff in this case — submitted an affidavit styled "in opposition" to Plaintiff's motion. *See* Dumont Aff., ECF No. 36. Attorney Dumont disputed whether counsel had agreed that parties would not serve discovery until after the settlement conference, stating that "[t]hese statements are completely false." *Id.* ¶ 3. The remainder of the

---

letter is not subject to more than one reasonable interpretation;" [7] "Plaintiff admits that defendant did not misrepresent the character, amount or legal status of the First Premier Bank debt in the February 12, 2016 letter;" (8) "Plaintiff admits that nothing in the February 12, 2016 letter constituted a communication or threatened communication of false information by the defendant." *Id.* at 3-4.

4

affidavit described communication between the parties, "an outrageous display of incivility by Attorney Saks" at a settlement conference, *id.* ¶ 10, and cursory arguments regarding discovery and amendment of the complaint. *Id.* ¶¶ 11-13. Finally, the affidavit concludes: "It appears that Mr. Saks has fabricated an alleged agreement with the undersigned not to serve discovery before the Settlement Conference because he failed to respond to the Requests for Admission in a timely manner, and now has no valid excuse for failing to respond." *Id.* ¶ 14. The affidavit does not assert that Defendant would be prejudiced by the withdrawal of the admissions.

Mr. Garcia then filed an opposition to Defendant's motion for summary judgment. *See* Pl. Mem. of L. in Opp. ("Pl. Opp."), ECF No. 37. The memorandum appears to assert a new cause of action based on a recent collection letter sent to Plaintiff on June 22, 2017. Garcia argues that "As Defendant's June 27, 2017 letter brings new facts into this case, Defendant's Motion for Summary Judgment must be denied."[2] *Id.* at 4. He also argued that, should the pending motion to withdraw admission be granted, the motion for summary judgment would be moot. *Id.* at 7 (asserting, without citation, "Mr. Garcia was forced to file the Motion for Leave to Withdraw and Amend his Responses to Admissions because the parties were unable to resolve their discovery disputes. Plaintiff has been prejudiced by Defendant's seeming unwillingness to address this discovery dispute with the court."). Finally, he argued that there were other pending discovery disputes.[3] *Id.* at 7-9 (alleging two discovery disputes related to the request for admissions and one related to a deposition).

Schiff filed a reply. *See* Def. Mot. Summ. J. Rep. Br. ("Def. MSJ Rep."), ECF No. 38. In its reply, Schiff raised the issue of prejudice for the first time, stating that "Defendant's counsel

---

[2] Despite noting in several filings that he intended to amend his complaint, Mr. Garcia has not yet done so.
[3] To date, no party has moved for a discovery conference in this matter.

devoted hours to the preparation and attendance at the Settlement Conference — many of those hours were devoted laboring under the belief that the Requests for Admissions would be deemed admitted since they were unanswered." *Id.* at 2. Additionally, Defendant notes that it "has been forced to notice the deposition of the plaintiff to be prepared to address the issues in this case" should the motion to withdraw be granted, and cursorily concludes this demonstrates that Schiff would be prejudiced "at this stage given the time and effort that has been devoted to this case." *Id.* Schiff also argues that the Plaintiff should not be allowed to amend the Complaint and, even if the Court considered allegations related to a second collection letter, Schiff would still be entitled to summary judgment. *Id*. 4-5.

## II. STANDARD OF REVIEW

### A. Motion to Withdraw Admissions

Federal Rule of Civil Procedure 36 governs the request for admissions. "A party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters . . . relating to (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Requests for admission must be answered within thirty days after being served unless the parties stipulate additional time or the Court orders additional time to respond. Fed. R. Civ. P. 36(a)(3). A request for admission that is not timely objected to or answered is deemed admitted.

A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "The prejudice contemplated by Rule

36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 217 F.R.D. 296, 298 (D. Conn. 2002) (citations omitted).

The decision to excuse a party from their admissions is firmly within the discretion of the district court. *See Tourmaline Partners, LLC v. Monaco*, No. 3:13-cv-108 (WWE), 2014 WL 4810253, at *9 (D. Conn. Sept. 23, 2014) (citing *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)).

**B.    Motion for Summary Judgment**

In a motion for summary judgment, the burden is on the moving party to establish that no genuine issues of material fact remain in dispute and that it is thus "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and a factual issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In reviewing the record, this Court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citations omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is inappropriate. *See Security Insurance Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004); *Anderson*, 477 U.S. at 250 (stating summary judgment is proper only when "there can be but one reasonable conclusion as to the verdict"). In

7

determining whether summary judgment is appropriate, the Court must consider only admissible evidence. *See Spiegel v. Schulmann*, 604 F.3d 72, 81 (2d Cir. 2010) ("It is well established that in determining the appropriateness of a grant of summary judgment, [the court] . . . may rely only on admissible evidence") (citation and internal quotation marks omitted); Fed. R. Civ. P. 56(e).

## III. DISCUSSION

Schiff has moved for summary judgment, arguing that there is no material fact in dispute based on the failure of plaintiff to respond to requests for admission. As a threshold matter, the request for admission was served on May 30, 2017, so absent an extension of time or agreement between the parties, those matters would be deemed admitted if, as here, Plaintiff failed to answer or object by June 29, 2017.

Mr. Garcia does not appear to contest the fact that each matter was admitted, but rather moves to withdraw those admissions under Federal Rule of Civil Procedure 36(b). Because the Court holds that withdrawal will promote presentation of the merits of the action and because Schiff has not demonstrated it will be prejudiced by withdrawal, the Court will grant Plaintiff's motion. The motion for summary judgment therefore is premature and will be denied without prejudice.

### A. Adjudication on the Merits

Rule 36 allows withdrawal of admission if "if it would promote the presentation of the merits of the action. . . ." Fed. R. Civ. P. 36(b). The rule stands in accordance with the "strong federal policy in favor of resolving claims on the merits." *John v. City of Bridgeport*, 309 F.R.D. 149, 156 (D. Conn. 2015) (noting, in considering whether to allow extension of time for service of process, that plaintiff "should not lose all or even some of her claims because counsel erred.").

8

In this case, the Court has already held that Plaintiff has properly alleged violations of 15 U.S.C. §§ 1692e and 1692e(10). *See generally* Ruling on Def. Mot. to Dismiss, ECF No. 17. But the case has not proceeded far beyond the motion to dismiss: the motion for summary judgment was filed on the same day the Court entered a scheduling order, more than five months before deadline for completion of discovery and six months before the deadline for filing of dispositive motions. There has been little opportunity for the "presentation on the merits."

Furthermore, the admissions at issue would go to the ultimate issue—whether or not the collection letter was false or misleading and violated 15 U.S.C. §§ 1692e and 1692e(10). *See* Def. Summ. J. Mot. at 4 (arguing that admitted facts were dispositive).[4] Courts have repeatedly held that the merits consideration under Rule 36 is met when deemed admissions address matters central to the action at hand. *See, e.g.*, *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 64 (S.D.N.Y. 2014) ("Here, there is no question that permitting withdrawal and amendment of the deemed admissions would 'promote the presentation of the merits of the action' . . . as the deemed admissions go to the 'ultimate issues' in this litigation and may well be dispositive of the action." (quoting Fed. R. Civ. P. 36(b)); *see also Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (noting admissions that Plaintiff sought to withdraw "essentially admitted the necessary elements" of the claim and therefore "withdrawal of the admissions would certainly facilitate a presentation of the merits of Hadley's case.").

The Court finds, therefore, that allowing withdrawal in this case would promote presentation on the merits.

---

[4] Defendants do not appear to challenge withdrawal on grounds other than prejudice.

### B. Prejudice

Schiff raises several potential grounds for prejudice.[5] First, it argues that "Defendant's counsel devoted hours to the preparation and attendance at the Settlement Conference — many of those hours were devoted laboring under the belief that the Requests for Admissions would be deemed admitted since they were unanswered." Def. MSJ Rep. at 2. Second, Defendant argues that it faces prejudice because it was forced to notice Plaintiff's deposition. *Id.* Generally, both of these arguments support Defendant's assertion that it would face prejudice "at this stage" in the case because of the "time and effort." *Id.*

Prejudice within the meaning of Rule 36(b) generally means prejudice "stemming from reliance on the binding effect of the admission." WRIGHT & MILLER, 8B FED. PRAC. & PROC. CIV. § 2264 (3d ed.); *see also River Light V*, 299 F.R.D. at 65 ("The mere fact that plaintiffs will bear the burden of proving their claims—that is, the bare fact that plaintiffs must win on the merits—does not establish prejudice to their ability to "'maintain . . . the action on the merits.'" (quoting Fed. R. Civ. P. 36(b))); *Sec. Ins. Co. of Hartford,* 217 F.R.D. at 298 ("The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses.").

Instead, courts generally require the prejudice to be "that the requesting party will be hampered in its ability to present its case or defenses, and must focus on the special difficulties

---

[5] As noted above, Schiff did not file an opposition memoranda to Plaintiff's motion to withdraw and instead filed an affidavit labeled in opposition. *Compare* Dumont Aff. *with* D. Conn. L. R. 7(a)(2) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."). Defendant instead included their arguments about prejudice in its reply to Mr. Garcia's opposition to summary judgment.

caused by the sudden need to obtain evidence that would not be needed were the admission to stand." 8B Fed. Prac. & Proc. Civ. § 2264.

At the outset, the Court notes that the parties dispute the cause of Plaintiff's deemed admissions. Mr. Garcia argues there was an agreement to hold off on discovery; Schiff argues there was no such agreement. *Compare* Pl. Mot. ¶¶ 1-2 (citing agreement) *with* Dumont Aff. ¶ 3 (categorizing claims of an agreement as "completely false"). Certainly, the correct course of action would have been to follow the Federal and Local Rules of Civil Procedure, as well as this Court's Chambers Practices. That is: Mr. Garcia should have moved for an extension of time to respond to the request for admission, even if Defendant had withheld its consent. *See, e.g.*, D. Conn. L. R. 7(b).

And, if there were outstanding discovery disputes both parties should have sought a discovery conference, rather than resorting to dueling affidavits. *See* Pretrial Preferences, http://www.ctd.uscourts.gov/content/victor-bolden (noting "[t]o initiate the Court's involvement [in a discovery dispute], parties should file a joint motion for a discovery conference, describing the nature of the dispute and stating that the parties have conferred, attempted to resolve the dispute in good faith, but remain unable to resolve it."). Instead, both parties appear to have "play[ed] fast and loose with the Federal Rules of Civil Procedure," and the "Court does not condone" such behavior. *Klorczyk v. Sears, Roebuck & Co.*, No. 3:13-cv-257 (JAM), 2015 WL 1600405, at *3 (D. Conn. Apr. 9, 2015).

On a Rule 36(b) motion, the Court is not required to consider whether there is good cause for delay or whether there was excusable neglect. *See Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013) ("Courts may consider other factors as well, such as whether the moving party can show good cause for the delay . . . but they are not required to do so . . . ." (citing

*Conlon* v. *United States*, 474 F.3d 616, 625 (9th Cir. 2007)); *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000) (noting Rule 36(b) does not require demonstration of excusable neglect showing); *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) ("Accordingly, we reject Prusia's argument that the FDIC should not have been permitted to amend its admissions because it did not offer an explanation or excuse for its mistake."). As one court in the Second Circuit noted, "[e]ven where the moving party's neglect is unjustified, a refusal to permit withdrawal of deemed admissions may be an overly harsh sanction when a deemed admission would be dispositive of the litigation and no unfair prejudice would result from withdrawal." *River Light V*, 299 F.R.D. at 64.

Defendants have not demonstrated prejudice here. As addressed above, the motion for withdrawal occurred months before the close of discovery, not on the eve of trial. *Compare with Conlon*, 474 F.3d at 624 (affirming district court's denial of motion to withdraw admission filed eight days before the start of trial). Admissions were relied on for a motion for summary judgment do not qualify as prejudice under Rule 36. *See id.* (holding that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."); *Haynes v. Navy Fed. Credit Union*, 296 F.R.D. 9, 15 (D. D.C. 2013) (noting "the mere filing of a motion for summary judgment does not create sufficient prejudice to block an amendment of an admission" (citation omitted)). It is unclear, in light of this standard, how reliance on the admissions in preparing for an early settlement conference in this matter, before discovery had even begun, would constitute prejudice. And—to avoid any prejudice that may have arisen during the pendency of this motion—the Court will extend discovery deadlines. *Accord*. *Gwynn v. City of Philadelphia,* 719 F.3d 295, 299 (3d Cir. 2013) (stating that concern about prejudice was "was adequately addressed by the extension of the discovery deadline.").

The Court also sees no reason why the notice of the deposition would support Defendant's prejudice argument. Absent the deemed admission, Defendant would still have to depose the plaintiff and the fact that there is another method to address the factual matters raised in the request for admission merely helps demonstrate the lack of prejudice should the Court grant withdrawal. *See, e.g.*, *Conlon*, 474 F.3d at 623 ("Although the United States relied on the deemed admissions in choosing not to engage in any other discovery . . . we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice.")

The Court therefore concludes that Mr. Garcia has met both considerations under Rule 36(b): allowing withdrawal of the admissions will promote the presentation of the merits of the action, and Defendant has not demonstrated it will be prejudiced by withdrawal. Accordingly, the Court will grant Plaintiff's motion.

### C. Other Issues Raised in Filings

There remain several outstanding issues as a consequence of this ruling and raised in the filings that the Court will address. First, in light of the Court's ruling, Defendant's motion for summary judgment is premature, and is therefore denied without prejudice. *See Haynes,* 296 F.R.D. at 15 ( "However, although the filing of a motion for summary judgment does not constitute sufficient prejudice to block the amendment, the Court recognizes that both Plaintiff's Motion for Partial Summary Judgment as well as his Opposition to Defendant's Motion for Summary Judgment rely on the admission for which the Court has permitted amendment. Accordingly, the Court will deny without prejudice both Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment.").

Second, Plaintiff has indicated that he intends to file an amended complaint and mentions several pending discovery disputes. Pl. Opp. at 7-8. No leave to amend the complaint has been

13

filed, and the Court will not speculate about whether it will grant or deny leave to amend.[6] If there are outstanding issues regarding discovery, both parties should move for a discovery conference consistent with Chambers' practices.

Third, the Court will extend the deadlines in this matter *sua sponte* as several have expired during the pendency of these motions. *See Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases" (citation omitted)). The Court orders the following:

- Plaintiff shall respond to outstanding requests for admission March 9, 2018.
- Discovery shall be completed by May 4, 2018.
- Dispositive motions, if any, shall be filed by June 8, 2018.

Any extensions of time of these deadlines should be made under the requirements of the local rules. *See* D. Conn. L. Civ. R. 7(b) (noting Court will grant extensions "for good cause" and requiring motion to indicate position of all non-moving parties, the number of motions made, and that motions "shall be filed at least three (3) days before the deadline sought to be extended . . . .").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to withdraw Admissions is **GRANTED.** Defendant's Motion for Summary Judgment is **DENIED** without prejudice**.** Plaintiff shall respond to any outstanding requests for admission **by March 9, 2018**.

SO ORDERED at Bridgeport, Connecticut, this 21st day of February, 2018.

                                       /s/ Victor A. Bolden
                                       Victor A. Bolden
                                       United States District Judge

---

[6] Any second collection letter allegedly dated during the pendency of this action is not currently before the Court.