UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS GARCIA,<br>    Plaintiff,<br><br>v.<br><br>LAW OFFICES OF HOWARD LEE SCHIFF, P.C.,<br>    Defendant. | No. 3:16-cv-791 (VAB) |

**RULING ON MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE AFFIDAVITS**

On February 12, 2016, Luis Garcia ("Plaintiff") received a debt collection letter from the Law Offices of Howard Lee Schiff, P.C. ("Defendant" or "the Schiff firm"). Compl. ¶ 9. The letter stated a charge-off balance of $663.94 and a current balance of $565.46. *Id*. at 11.

On May 23, 2016, Plaintiff filed this action alleging various violations of the Fair Debt Collections Practices Act ("FDCPA"). Compl. ¶ 3.

Three motions are now pending: (1) Defendant's motion for summary judgment, Def. Mot. for Summ. J., ECF No. 56; (2) Plaintiff's motion for summary judgment, *see* Mem. of Law in Supp. of Pl. Summ. J. Mot., ECF No. 57; and (3) Defendant's motion to strike the affidavits of Luis Garcia, Mot. to Strike Affidavits of Luis Garcia, ECF No. 60.

For the reasons set forth below, the Court now **DENIES** Defendant's motion for summary judgment, ECF No. 56; **DENIES** Plaintiff's motion for summary judgment, ECF No. 57; and **DENIES** Defendant's motion to strike the affidavits of Luis Garcia, Mot. to Strike Affidavits of Luis Garcia, ECF No. 60.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

   A.   **Factual Allegations**[2]

In February of 2016, Mr. Garcia received a debt collection letter from the Schiff firm. Compl. ¶ 9. The letter stated that the Schiff firm was servicing a First Premier Bank account owned by Midland Funding, LLC, and that Mr. Garcia owed a charge-off balance of $663.94 and a current balance of $565.46. Compl. ¶ 11; Def. Mot. for Summ. J., Ex. 4 at 56 [Debt collection letter from Law Off. of Howard Lee Schiff, P.C. to Luis Garcia, Feb. 12, 2016 ("Garcia Collection Letter")], reproduced at Mem. of Law in Supp. of Pl. Summ. J. Mot., ECF No. 57, Ex. A.

The letter listed as zero the post charge-off interest accrued, post charge-off fees accrued, and post-charge-off payments and credits. *Id*. Mr. Garcia then allegedly "handed [the letter] over to [his] attorney" along with records of "all the debts" he owed. Def. Mot. for Summ. J., Ex. 4 at 15–16 [Dep. of Luis Garcia, Sept. 6, 2017] ("Garcia Dep."); reproduced at Mem. of Law in Supp. of Pl. Summ. J. Mot, Ex. B. Mr. Garcia's attorney wrote to the Schiff firm regarding the

---

[1]The following facts are taken from the Complaint; Answer, ECF No. 19; Defendant's motion for summary judgment and exhibits thereto, Plaintiff's motion for summary judgment and exhibits thereto, Plaintiff's memorandum of law in opposition to Defendant's motion for summary judgment and exhibits thereto, ECF No. 58, Defendant's memorandum of law in opposition to Plaintiff's motion for summary judgment and exhibit thereto, ECF No. 59, Defendant's motion to strike the affidavits of Luis Garcia, Defendant's reply memorandum in support of Defendant's motion for summary judgment, ECF No. 61; Affidavit of Karen J. Wisniowski, ECF No. 63; Plaintiff's reply memorandum to Defendant's opposition to Plaintiff's summary judgment motion, ECF No. 64; Plaintiff's response to Defendant's motion to strike Plaintiff's affidavits in support of his summary judgment motion, ECF No. 65; and [Defendant's response to] Plaintiff's response to Defendant's opposition to motion to strike affidavit of Luis Garcia, ECF No. 66.

[2]The Court presumes the parties' familiarity with the facts as set forth in its March 30, 2017 ruling on Defendant's motion to dismiss, ECF No. 17, and February 21, 2018 ruling on summary judgment and motion to withdraw admissions, ECF No. 41, and incorporates those facts by reference herein. The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this motion.

matter on April 8, 2016. Def. Mot. for Summ. J., Ex. 4 at 57 [Demand letter from Yaakov Saks, Esq. to Law Offices of Howard Lee Schiff, P.C. (Apr. 5, 2016)].

### B. Procedural Background

On May 23, 2016, Mr. Garcia filed this lawsuit. Compl.

The parties engaged in discovery, including production of: (1) the debt letter, Def. Mot. for Summ. J., Ex. 4 at 56; Mem. of Law in Supp. of Pl. Summ. J. Mot., ECF No. 57, Ex. A; (2) a deposition of Luis Garcia, Garcia Dep., (3) an affidavit of Karen J. Wisniowksi, Managing Partner of the Law Offices of Howard Lee Schiff, P.C., ECF No. 63; (4) two sets of Plaintiff's admissions, Def. Mot. for Summ. J., Ex. 1 [Pl. Ans. And Obj. to Def. Requests for Admis. (Mar. 8, 2018)], and Pl. Resp. to Def. Mot. to Strike Pl. Aff. in Supp. of His Summ. J. Mot., Ex. B [Ans. And Obj. to Def. Requests for Admis. (Sept. 14, 2018)]; and (5) various letters of demand, compromise, and settlement, *see, e.g.*, Def. Mot. for Summ. J., Ex. 4 at 56–57.

On March 30, 2017, the Court granted in part and denied in part the Schiff firm's motion to dismiss. Ruling on Def. Mot. to Dismiss. The Court granted the motion to dismiss claims under 15 U.S.C. § 1692(d) and 15 U.S.C. § 1692(f), found that Mr. Garcia had not stated a claim under 15 U.S.C. § 1692(e)(2), 15 U.S.C. § 1692(e)(5), 15 U.S.C. § 1692(e)(7) and 15 U.S.C. §§ 1692(e)(8), but denied the motion to dismiss claims for violations of 15 U.S.C. § 1692(e) and 15 U.S.C. § 1692(e)(10). *Id*.

On February 21, 2018, the Court granted Plaintiff's motion to withdraw his August 3, 2017 admissions, Ruling on Mot. for Summ. J. and Mot. to Withdraw Admissions, ECF No. 41, at 4, 13, and denied as premature Defendant's motion for summary judgment because it was filed the day the Court's scheduling order was entered, at the start of discovery. *Id*. at 3, 13.

On July 26, 2018, Defendant filed its present motion for summary judgment. Def. Mot. for Summ. J., ECF No. 56. On August 3, 2018, Plaintiff filed its present motion for summary judgment. Mem. of Law in Supp. of Pl. Summ. J. Mot., ECF No. 57. On August 24, 2018, Defendant filed its motion to strike the affidavits of Luis Garcia. Mot. to Strike Affidavits of Luis Garcia, ECF No. 60.

## II. STANDARD OF REVIEW

Two standards of review govern the motions before the Court: (1) the standard for summary judgment, and (2) the standard for motions to strike portions of summary judgment exhibits.

In a motion for summary judgment, the burden is on the moving party to establish that no genuine issues of material fact remain in dispute and that it is thus "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and a factual issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the record, a court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir.2013) (citations omitted).

If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is inappropriate. *See Security Insurance Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004); *Anderson*, 477 U.S. at 250 (summary judgment is proper only when "there can be but one reasonable conclusion as to the verdict.").

The same standards apply to cross-motions for summary judgment. A court "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Make the Road by Walking, Inc. v. Turner*, 378 F.3d 133, 142 (2d Cir.2004) (citations omitted). A court must deny both parties' motions for summary judgment if it finds the existence of disputed material facts. *Morales v. Quintel Entertainment, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) ("Moreover, even when both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party.")

As a rule, courts do not strike portions of summary judgment exhibits. *Martin v. Town of Westport*, 558 F. Supp. 2d 228, 231 (D. Conn. 2008) ("In the context of summary judgment, motions to strike 'are unnecessary and produce only redundant statements by the court that it has not relied on such inadmissible evidence in deciding the summary judgment motion."). Motions to strike at the summary judgment stage can underscore that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that . . . contradicts the affiant's previous deposition testimony." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 455 (2d Cir. 1999), *as amended on denial of reh'g* (Dec. 22, 1999).

Such motions, however, are generally considered redundant and inappropriate by this Circuit's courts. *Wanamaker v. Town of Westport Bd. of Educ.*, No. 3:11CV1791 MPS WIG, 2013 WL 3816592, at *2 (D. Conn. July 22, 2013) (collecting cases on the inappropriateness of motions to strike summary judgment exhibits). Rather, "[t]he parties to an action 'should have faith . . .' that the court knows the difference between admissible and non-admissible evidence, and would not base a summary judgment decision simply upon the self-serving *ipse dixit* of a

5

particular party." *Carone v. Mascolo*, 573 F. Supp. 2d 575, 580 (D. Conn. 2008), *quoting Martin*, 558 F. Supp. 2d at 231–32.

### III. DISCUSSION

#### A. Cross-motions for Summary Judgment

Section 1692(e) of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). A representation is "false, deceptive, or misleading" under section 1692(e) if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233, 234–35 (2d Cir. 2012); *see also Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016), *citing Clomon v. Jackson*, 988 F.2d 1314, 1319–21 (2d Cir. 1993) ("The letters stated that Jackson was 'suggesting' certain measures be taken 'to further implement the collection of your seriously past due account'. . . . This language was false or misleading because, as noted above, Jackson played virtually no day-to-day role in the debt collection process—and certainly did not engage in any discussion with NCB or AFP about how to collect Clomon's debt.").

Under section 1692, a false, deceptive, or misleading statement must also be material. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) ("As the Seventh Circuit observed, '[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement,' and there is no 'reason why materiality should not equally be required in an action based on § 1692(e).'") (internal citation omitted). The materiality requirement shields debt collectors from liability for "mere technical falsehoods" while still holding them liable for "communications and practices that could mislead a putative-debtor as to the nature and legal

6

status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection[.]." *Cohen*, 897 F.3d at 86 (alterations in original); *cf Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) ("That is, if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692(e), nor fail to state accurately the amount of the debt under Section 1692(g).").

The focus is on the "least sophisticated consumer who . . . lacks the sophistication of the average consumer and may be naive about the law, but is rational and possesses a rudimentary amount of information about the world. The standard is objective, pays no attention to the circumstances of the particular debtor in question, and asks only whether the hypothetical least sophisticated consumer could reasonably interpret the representation in a way that is inaccurate." *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135–136 (2d Cir. 2017) (internal quotations and citations omitted); *see Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.").

Even if the least sophisticated consumer might misconstrue a debt collection communication, debt collectors can assert the statutory defense of bona fide error. 15 U.S.C. § 1962(k); *see also* S. REP. 95-382, 8, 1977 U.S.C.C.A.N. 1695, 1702 ("Two defenses are provided: good faith reliance on an F.T.C. advisory opinion; and bona fide error notwithstanding procedures to avoid the error."). "A debt collector may not be held liable in any action brought under [subchapter 1692] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the

7

maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692(k); *cf Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 437–38 (2d Cir. 2018) ("The FDCPA is 'a strict liability statute' and, thus, there is no need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional.")

Defendant contends that it is entitled to summary judgment because: (1) Plaintiff understood the letter, so there was nothing false or misleading in the letter, Def. Mot. for Summ. J. at 4–5, (2) the letter would not mislead the least sophisticated consumer, *id*. at 5–6; (3) any violation of section 1692(e) was immaterial, *id*. at 6–8; and (4) Defendant is entitled to the bona fide error defense, Mem. of Law in Opp. to Pl. Mot. for Summ. J. at 7–8.

Plaintiff contends that it is entitled to summary judgment because: (1) Defendant's letter violated section 1692(e) as a matter of law, Mem. of Law in Supp. of Pl. Summ. J. Mot. at 9–10; (2) "the two different balances claimed owed in [Defendant's letter] were materially misleading", *Id*. at 13; and (3) Defendant has failed to prove bona fide error. Pl. Reply Mem. to Def. Opp. to Pl. Summ. J. Mot. at 2–4.

The Court disagrees with both parties.

While Defendant argues that Mr. Garcia "completely understood what 'current balance due' meant" because Plaintiff acknowledged during his deposition that current balance was "what I owe," Garcia Dep. at 31–32, Mr. Garcia 's understanding of the Schiff firm's letter is immaterial. The Second Circuit's "least sophisticated consumer" standard is objective and based upon a hypothetical consumer. The threshold determination is "whether the hypothetical least sophisticated consumer could reasonably interpret the representation in a way that is inaccurate." *Arias*, 875 F.3d at 135–136 (internal quotations omitted).

8

Indeed, in *Easterling*, the Second Circuit reversed the district court's ruling for the debt collector because the district court had relied too heavily on the specific plaintiff's facts rather than the perspective of a hypothetical least sophisticated consumer. *Easterling*, 692 F.3d at 234–35 ("[The district court's focus on whether Easterling has received, or is likely to receive in the future, a discharge of her student loan debt is misplaced. The least sophisticated consumer test is an objective inquiry [.]")

Here, the one-page debt collection letter sent to Mr. Garcia lists two different balances with no further explanation or mathematical calculation. Garcia collection letter. The "statements" at issue are the amounts of $663.94 and $565.46. *Id*. Given those two statements, a hypothetical least sophisticated consumer could reasonably misinterpret which amount he or she needed to pay to satisfy the debt. Because one of those interpretations would be inaccurate, a jury could find the letter to be deceptive under the FDCPA. *See Russell v. Equifax A.R.S.*, 74 F.3d at 35 ('[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'").

While the Schiff firm argues that the difference in these two amounts is not material, the definition of materiality, at least in the Second Circuit, is iterative of the long-standing rule that the frustration of consumer choice is what matters, or what is now "material." *Cohen*, 897 F.3d at 86, *citing Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). While a collection notice need not be exhaustive under the materiality standard, *see Taylor*, 886 F.3d at 215 ("That is, if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will [not] be misleading

9

within the meaning of Section 1692(e)[.]"), a notice containing two different balances, with no explanation for the difference, as discussed above, could be misleading.

Even though the difference in dollar amounts may not appear substantial, a reasonable debtor might choose to satisfy other debts or delay repayment—that is, to choose a course of action, *see Cohen*, 897 F.3d at 86—based upon this difference.

As a result, there is a genuine issue of material fact as to whether the Schiff firm's letter to Mr. Garcia was deceptive under section 1692(e) of the Fair Debt Collection Practices Act.

Of course, there remains the issue of whether the alleged misrepresentation was a bona fide error. Defendant alleges that its misrepresentation is the product of a bona fide error. Mem. of Law in Opp. to Pl. Mot. for Summ. J. at 7–8. Plaintiff argues that Defendant has failed to prove the affirmative defense of bona fide error. Pl. Reply Mem. to Def. Opp. to Pl. Summ. J. Mot., 2–4.

To qualify for the bona fide error defense, a debt collector must prove, "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The bona fide error defense is a fact-intensive inquiry, *Silver*, 2010 WL 3000053, at *5, that generally does not lend itself to summary judgment.

Debt collectors can satisfy the first prong of the bona fide error test by demonstrating an unintentional clerical or factual error. *Gervais v. Riddle & Assocs., P.C.*, 479 F. Supp. 2d 270, 279 (D. Conn. 2007) ("[A]s the Seventh Circuit noted in Nielsen v. Dickerson, '[t]here is a split of authority among the circuits as to whether the bona fide error defense applies to mistakes of

law. The majority view is that the defense is only available for clerical and factual errors.' The Second Circuit is included within this majority.") (internal citations and quotations omitted).

"The purpose of the second prong is to evaluate whether the debt collector's actions were objectively reasonable, and thus merit excuse from liability under the FDCPA." *Cerrato v. Solomon & Solomon*, 909 F. Supp. 2d 139, 147–48 (D. Conn. 2012); *see also Silver*, 2010 WL 3000053, at *5 ("[A] juror might conclude that the absence of the "CN" or file number on Plaintiff's check was significant enough to characterize the misapplication of funds as reasonable and bona fide. Alternatively, the presence of the word 'Discover' on Plaintiff's payment to Defendant may be persuasive enough for a reasonable juror to determine that Defendant's error [in not applying the payment to Plaintiff's Discover account] was unreasonable."). "Among the factors pertinent to determining whether a debt collector's actions were reasonable is whether a collector has made such an error before." *Curto v. Palisades Collection, LLC*, 2011 WL 5196708 * 4 (W.D.N.Y. Oct. 31, 2011) ("Here, the record is silent as to whether Defendants have previously committed similar mistakes. Where the record is silent, 'a jury is entitled to decide whether reasonable procedures existed'. . . .").

Under the third prong of the bona fide error test, courts require only that debt collectors show that their procedures constitute "reasonable precaution(s)" against error. *Dimovski v. Tolisano & Danforth, LLC*, 2011 WL 1638051, at *4–5 (D.Conn. Apr. 29, 2011) ("Tolisano & Danforth do not have any written guidelines, and there is no evidence that the secretaries are trained on how to properly fill out execution forms. Based on this limited evidence, and drawing all reasonable inferences in favor of the appropriate party when ruling on both parties' Motions, the court cannot determine as a matter of law whether or not the procedures maintained by

11

Tolisano & Danforth were reasonably maintained to prevent clerical errors on execution forms.") (internal citations omitted).

The Schiff firm has submitted the affidavit of Karen J. Wisniowski, a Managing Partner of Defendant's law offices. Aff. of Karen J. Wisniowksi, Managing Partner of the Law Offices of Howard Lee Schiff, P.C. ("Wisniowksi Affidavit"), ECF No. 63. Ms. Wisniowksi alleges that Defendant intended "to include payments which had been made against the balance due and owing on the credit account after the account had been charged off by the original creditor." *Id*. at ¶ 2. According to Ms. Wisniowksi, "the programmer who programmed the letter to automatically fill in the payment field forgot to include payments which may have been made by the consumer to Midland Funding after the charge off date." *Id*. at ¶ 2.

Because Mr. Garcia has conceded that the error was unintentional, Pl. Reply Mem. to Def. Opp. to Pl. Summ. J. Mot., ECF No. 63, at 3, the Schiff firm has satisfied the first prong of the bona fide error test.

On the second prong, Ms. Wisniowksi alleges that she is "familiar with all of the claims and complaints made against the firm [and] know[s] of no other incident where [Defendant has] received a claim or complaint similar to the claim in this case with respect the Midland 'disclosure letter.'" Wisniowksi Affidavit at ¶ 5. Plaintiff argues that Defendant "offers no solid proof that human error does not play a common factor in the generation of its collection letters." Pl. Reply Mem. to Def. Opp. to Pl. Summ. J. Mot., ECF No. 63, at 3. The Court finds that genuine issues of material fact remain.

Reasonable jurors could disagree about what errors constitute unreasonable debt collection practices. Moreover, reasonable jurors could reach different conclusions about Ms.

12

Wisniowksi's credibility. Such determinations are the province of the jury. *Dimovski*, 2011 WL 1638051, at *8.

Because there are genuine issues of material fact as to the objective reasonableness of Defendant's error, the second prong of the bona fide error defense cannot be resolved as a matter of law.

With respect to the third and final prong, Ms. Wisniowski asserts two safeguards: (1) employee training and testing, and (2) the careful review of letters "to make sure that the letters are correct in all respects." Wisniowksi Affidavit at ¶ 4. Ms. Wisniowski admits that both safeguards failed in this particular case. *Id.* at ¶¶ 2, 4. First, "the programmer . . . forgot to include payments which may have been made by the consumer to Midland Funding after the charge off date." *Id.* at ¶ 2. Second, the review process failed to catch the discrepancy ("This letter was reviewed carefully before it was sent out for printing and mailing."). *Id.* at ¶ 4.

Plaintiff contends that the safeguards are inadequate because they failed Mr. Garcia. Pl. Reply Mem. to Def. Opp. to Pl. Summ. J. Mot. at 3–4. Plaintiff further contends that Ms. Wisniowski's statement that the error "would not have been detected prior to the printing and mailing process" constitutes an admission that Defendant employed no "reasonable precaution(s)" against error. Pl. Reply Mem. to Def. Opp. to Pl. Summ. J. Mot. at 4. The Court disagrees.

First, the failure of the safeguards in this case does not foreclose a jury finding that Defendant has satisfied the third prong of the bona fide error test. *Dimovski*, 2011 WL 1638051 at *5 (Second Circuit courts require that debt collectors show "reasonable precaution(s)" against error.). Rather, a fact-finder would need to venture beyond the specific failure to determine

whether Defendant's safeguards were reasonable precautions against the mailing of letters with different and unexplained charge-off and current balance amounts. Furthermore, Ms. Wisniowski's statement that the error would not have been detected by Defendant's safeguards is open to interpretation. As a result, genuine issues of material fact remain and neither party is entitled to summary judgment on the issue of Defendant's bona fide error defense.

### B. Defendant's Motion to Strike

Significantly, even if the Schiff firm succeeded on its motion to strike the affidavits of Luis Garcia, the motions for summary judgment would still be denied. Mot. to Strike Affidavits of Luis Garcia, ECF No. 60. Courts are generally disinclined to grant motions to strike portions of summary judgment exhibits, *Martin*, 558 F. Supp. 2d at 231, particularly when those exhibits would be inadmissible. *Carone*, 573 F. Supp. 2d at 580 ("parties . . . 'should have faith . . .' that the court knows the difference between admissible and non-admissible evidence . . . .").

In any event, the issue is not one of admissibility but of relevance. Defendant seeks to strike Mr. Garcia's post-discovery affidavits regarding his misunderstanding of Defendant's debt collection letter ("Mr. Garcia provided an 'Affidavit' which includes averments which directly contradict the testimony given under oath at his deposition . . . . he now states, 'Because there were two balances in the letter, I did not know which balance I would have to remit to pay off the debt in full.'"). Mot. to Strike Affidavits of Luis Garcia at 2. Mr. Garcia's alleged averment by affidavit goes to the issue of his subjective interpretation of Defendant's letter.

As the Court has discussed above, Second Circuit law provides a well-established objective test of the hypothetical least sophisticated consumer's understanding of a debt

14

collection communication. *Arias*, 875 F.3d at 135–136. Thus, there is no need to strike the affidavit, which is immaterial, and perhaps inadmissible. The Court therefore denies the motion.

## IV. CONCLUSION

For the reasons set forth above, the Court now **DENIES** Defendant's motion for summary judgment, ECF No. 56; **DENIES** Plaintiff's motion for summary judgment, ECF No. 57; and **DENIES** Defendant's motion to strike the affidavits of Luis Garcia, Mot. to Strike Affidavits of Luis Garcia, ECF No. 60.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of December, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE