# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LUIS GARCIA,
    *Plaintiff*,

v.

LAW OFFICES HOWARD LEE SCHIFF P.C.,
    *Defendants*.

No. 3:16-cv-791 (VAB)

## RULING ON MOTIONS IN LIMINE

On February 12, 2016, Luis Garcia ("Plaintiff") received a debt collection letter from the Law Offices of Howard Lee Schiff, P.C. ("Defendant" or "the Schiff firm"). Compl. ¶ 9. The letter stated a charge-off balance of $663.94 and a current balance of $565.46. *Id*. at 11. On May 23, 2016, Mr. Garcia filed this action, alleging that the debt collection letter violated the Fair Debt Collections Practices Act ("FDCPA"). Compl. ¶ 3.

Before the bench trial on May 20, 2019, Defendant has filed a motion *in limine*, Def. Mot. *in Limine*, ECF No. 71, and a motion to strike, Mot. to Strike Pl. Opp. to Def. Mot. *in Limine*, ECF No. 76.

Defendant moves to preclude Mr. Garcia from introducing any evidence that has not been disclosed during discovery. Def. Mot. *in Limine*. Defendant moves to strike Mr. Garcia's opposition to its motion *in limine* because the opposition was filed one day late. Mot. to Strike Pl. Opp. to Def. Mot. *in Limine*.

For the reasons below, Defendant's motion *in limine*, ECF No. 71, is **DENIED** without prejudice to the possibility of renewal at trial. Defendant's motion to strike, ECF No. 76, is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[1]

In February of 2016, Mr. Garcia received a debt collection letter from the Schiff firm. Compl. ¶ 9. The letter stated that Mr. Garcia owed a charge-off balance of $663.94 and a current balance of $565.46. Compl. ¶ 11; Def. Mot. for Summ. J., Ex. 4 at 56 [Debt collection letter from Law Off. of Howard Lee Schiff, P.C. to Luis Garcia, Feb. 12, 2016 ("Garcia Collection Letter")], reproduced at Mem. of Law in Supp. of Pl. Summ. J. Mot., ECF No. 57, Ex. A. The letter listed as zero the post charge-off interest accrued, post charge-off fees accrued, and post-charge-off payments and credits. *Id*. Mr. Garcia then allegedly "handed [the letter] over to [his] attorney" along with records of "all the debts" he owed. Def. Mot. for Summ. J., Ex. 4 at 15–16 [Dep. of Luis Garcia, Sept. 6, 2017] ("Garcia Dep.").

On September 6, 2017, Mr. Garcia was deposed by attorney Dumont of the Law Offices Howard Lee Schiff P.C. Def. Mem. of Law in Supp. of Mot. *in Limine* ("Def. Mem."), ECF No. 71-1; Garcia Dep. At that deposition, Mr. Garcia testified about the debt collection letter and the ensuing legal case. *Id*. at 2–4.

The Schiff firm now seeks to exclude from trial: 1. Any "evidence [that] has not been previously disclosed by plaintiff in response to discovery," including damages evidence, and 2. "any evidence or testimony [that] contradicts the testimony [that] was given by Mr. Garcia during his deposition." *Id*. at 4.

---

[1] The Court presumes the parties' familiarity with the facts as set forth in its prior rulings, and incorporates those facts by reference herein. The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this motion.

### B. Procedural Background

On December 14, 2018, the Court denied the parties' cross-motions for summary judgment. Order, ECF No. 69; *Garcia v. Law Offices of Howard Lee Schiff, P.C.*, No. 3:16-CV-791 (VAB), 2018 WL 6590356 (D. Conn. Dec. 14, 2018).

On January 28, 2019, Defendant filed its motion *in limine*, Def. Mot. *in Limine*, and set a February 18, 2019 response deadline on the docket.

On February 19, 2019, Plaintiff filed his opposition to the motion *in limine*. Pl. Resp. in Opp. to Def. Mot. *in Limine*, ECF No. 75.

On February 25, 2019, Defendant filed a motion to strike Plaintiff's opposition. Mot. to Strike Pl. Opp. to Def. Mot. *in Limine*.

Three days later, Defendant filed its reply to Plaintiff's opposition to the motion *in limine*. Def. Resp. to Pl. Opp. to Mot. *in Limine*, ECF No. 77.

The Court scheduled a bench trial for May 20, 2019.

## II. STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2; *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the

appropriate factual context. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (quoting *United States v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

### III. DISCUSSION

#### A. Previously Undisclosed Evidence

Defendant seeks to preclude previously undisclosed evidence, arguing that it would be highly prejudicial. Def. Mem. at 4. In light of the Court's significant discretion to reserve judgment on a motion *in limine* until the evidence is placed in its full factual context at trial, *see Nat'l Union Fire Ins. Co. of Pittsburgh*, 937 F. Supp. at 287, Defendant's motion is denied without prejudice to renewal at trial.

The Court recognizes that evidence, particularly evidence in support of a damages claim, may be excluded on a motion *in limine*. *See John Wiley & Sons, Inc. v. Kirtsaeng*, 654 F.3d 210, 214–15 (2d Cir. 2011), *rev'd on other grounds*, 568 U.S. 519 (2013) (excluding before trial, evidence of certain profits). However, district courts may deny such motions until trial, when the record will be more sufficiently developed. *In re GII Indus., Inc.*, 495 B.R. 209, 212 (Bankr. E.D.N.Y. 2010) (excluding cross motions *in limine* to exclude damages evidence prior to a bench trial "because the record is insufficiently developed at this stage in the proceedings to determine whether any of the evidence at issue should be excluded . . . . [And, it] is inappropriate to address these issues in advance of trial; they should be determined after consideration of the evidence.").

Defendant argues that the admission of undisclosed evidence would be highly prejudicial, Def. Mem. at 4, but does not specify what that evidence might entail or the specific basis for its exclusion.

4

Because the Defendant has provided the Court with little insight into forthcoming undisclosed evidence, the Court will exercise its inherent authority to deny Defendant's motion *in limine*. *Highland Capital Mgmt., L.P.*, 551 F. Supp. 2d at 176 ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*."). The Court will permit Defendant to renew its objections to new evidence upon a fuller factual record. *In re GII Indus., Inc.*, 495 B.R. at 212 (Excluding cross motions *in limine* to exclude damages evidence prior to a bench "It is inappropriate to address these issues in advance of trial; they should be determined after consideration of the evidence."); *Levinson*, 2013 WL 3280013, at *3 (A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds.).

### B. Contradictory Evidence

Defendant seeks to preclude any trial testimony that contradicts Mr. Garcia's deposition testimony. Def. Mem. at 5. Again, the Court will exercise its discretion to reserve judgment until such testimony is placed in its full factual context, *see Nat'l Union Fire Ins. Co. of Pittsburgh*, 937 F. Supp. at 287, and will deny Defendant's motion without prejudice to renewal at trial.

Again, Defendant has not offered a forecast of the forthcoming testimony. Contradictory testimony about Mr. Garcia's understanding of the true amount owed is unlikely to be useful for the reasons outlined by the Court in its summary judgment decision. *Garcia*, 2018 WL 6590356, at *4 ("Mr. Garcia's understanding of the Schiff firm's letter is immaterial. The Second Circuit's 'least sophisticated consumer' standard is objective and based upon a hypothetical consumer. The threshold determination is 'whether the hypothetical least sophisticated consumer could

reasonably interpret the representation in a way that is inaccurate.'") (*quoting Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135–136 (2d Cir. 2017)).[2]

As a result, the Court cannot presently evaluate the substance, relevance, or admissibility of forthcoming testimony. The Court therefore will exercise its inherent authority to deny Defendant's motion *in limine*. *Highland Capital Mgmt., L.P.*, 551 F. Supp. 2d at 176 ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*."). The Court will permit Defendant to renew its objections to testimony upon a fuller factual record.

### C. Late Filing

Defendant moves to strike Mr. Garcia's opposition to its motion *in limine* because Mr. Garcia filed that opposition one day past the response deadline set by Defendant. Mot. to Strike Pl. Opp. to Def. Mot. in Limine, ECF No. 76.

The Federal Rules of Civil Procedure allow a court to impose sanctions if a party "fails to obey a scheduling order or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). District courts have discretion to impose Rule 16(f) sanctions. *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 52–53 (2d Cir. 2018), *cert. denied sub nom. Huebner v. Midland Credit Mgmt.*, 139 S. Ct. 1282 (2019) ("We next review the district court's sanctions orders[:] (1) Poltorak under Federal Rule of Civil Procedure 16(f)(1)(B) for failing to participate in the initial status conference in good faith; (2) Huebner under Rule 16(f)(1)(C) for breaching the district court's protective order[.] We review the imposition of sanctions for abuse of discretion."). Sanctions often follow a finding of

---

[2] To the extent that the issue is whether testimony from Mr. Garcia may be presented through affidavits or deposition transcripts, rather than through live testimony, the Court need not address that issue now, except to note the applicability of the Federal Rules of Evidence in two respects. First, hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). Second, regardless of whether either party calls Mr. Garcia as a witness, the Court "may call a witness on its own or at a party's request." FED. R. EVID. 614(a).

bad faith. *Id.* at 53 ("When a lower court sanctions a litigant for bad faith, the court must outline its factual findings with a high degree of specificity. But more often than not, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted.") (internal quotations and citations omitted)).

The Court declines to impose sanctions for two reasons. First, Defendant has not suggested—nor can the Court discern—bad faith or a dilatory motive for Mr. Garcia's one-day filing delay. Second, Defendant has pled no prejudice arising from the delay.

Consistent with this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court will grant *sua sponte* and *nunc pro tunc*, a one-day extension of the deadline for Mr. Garcia's response to Defendant's motion *in limine*.

## IV. CONCLUSION

For the reasons above, Defendant's motion *in limine*, ECF No. 71, is **DENIED** without prejudice to the possibility of renewal at trial. Defendant's motion to strike, ECF No. 76, is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of May, 2019.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE