## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS GARCIA, | Case Action No.3:16-CV-00791 (VAB) |
| Plaintiff, | |
| v. | |
| LAW OFFICES HOWARD LEE SCHIFF P.C., | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 15 U.S.C. §1692k(a)(3)** |
| Defendant. | |

## I.       PRELIMINARY STATEMENT

Plaintiff Luis Garcia ("Mr. Garcia") respectfully submits this Memorandum of Law in support of his Motion for Attorneys' Fees and Costs in the amount of $67,707.50, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(3).

## II.      STATEMENT OF FACTS

On May 23, 2016, Mr. Garcia filed a complaint (the "Complaint") against Defendant Law Offices Howard Lee Schiff ("Defendant") setting forth allegations of misleading and deceptive collection practices in violation of the Fair Debt Collection Practices Act (the "FDCPA") (Doc. 1).  Defendant's violations stem from a February 12, 2016 collection letter ("the Letter") sent to Mr. Garcia wherein multiple balances for an alleged consumer debt were listed.  Additionally, the letter failed to credit Mr. Garcia for a post-charge-off payment he had made on the account. The Letter misleadingly and deceptively failed to provide a proper explanation as to the true balance

of the debt, failed to provide information as to discrepancy in the balances and failed to provide a breakdown as to credits, payments and interest.  Accordingly, Mr. Garcia pled, the letter violated §1692e of the FDCPA.

On June 14, 2016, Defendant filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 9), which was granted in part and denied in part on March 3, 2017 (Doc. 17). The parties engaged in initial discovery and Defendant took the deposition of Mr. Garcia. On July 7, 2017, Defendant filed its first Motion for Summary Judgment (Doc. 32) which was opposed by Mr. Garcia and denied by the Court on February 21, 2018 (Doc. 41).

The parties engaged in additional discovery which was fraught with Defendant's use of stall tactics including further requests to provide discovery responses (Doc. 42), denials to turn over requested discovery documents and last-minute requests for protective orders (Doc. 53), thereby resulting in the need for discovery conferences with the Court.

On July 26, 2018 Defendant filed its second Motion for Summary Judgment (Doc. 56), and on August 3, 2018, Plaintiff filed his Motion for Summary Judgment (Doc. 27). On December 14, 2018, the Court denied both parties' motions for summary judgment (Doc. 69). A bench trial was held on May 20, 2019 before the Honorable Victor A. Bolden. On August 15, 2019, Judge Bolden issued his trial memorandum of decision and order finding Defendant liable for violations of 15 U.S.C. §1692e in sending a materially misleading letter to Plaintiff in an attempt to collect a consumer debt. Judge Bolden's Order further directed Plaintiff to file his motion for attorney's fees and costs on or before August 30, 2019 (Doc. 93 p.27).

## III.    STANDARD OF REVIEW

"The award of costs and fees to a successful plaintiff appears to be mandatory. *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 2008 U.S. App. LEXIS 3144 at *24 (fn. 8) (2d Cir. 2008)

(*citing* 15 U.S.C. § 1692k(a)(3)).” “But the award of statutory damages is in the discretion of the district court, id. § 1692k(a)(2)(A), which may, without doubt, consider whether the violation was manifest, or whether, as here, it could be established only after a not uncomplicated exercise in statutory construction. *See id*. § 1692k(b).” *Id.* at 24-25.

The Second Circuit has adopted the “presumptively reasonable fee” standard for awarding attorney fees. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 189 (2d Cir. 2007) (*referencing City of Burlington v. Dague,* 505 U.S. at 557, 562 (1992)). “The focus of the districts courts is … on setting a reasonable hourly rate, taking account of all case-specific variables.” *Id.* The starting point for the district court's calculation is “the product of a reasonable hourly rate and the reasonable number of hours required by the case.” *Millea v. Metro-North Ry. Co.,* 658 F.3d 154, 166 (2d. Cir. 2011).

## IV.    LEGAL ARGUMENT

The FDCPA provides for recovery of reasonable attorneys' fees and costs by a successful plaintiff. 15 U.S.C. § 1692k(a) (3); *See Chesmar v. Saul,* 2019 U.S. Dist. LEXIS 137133 at *8-9; *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85,95 (2d Cir. 2008). An attorneys' fees award should be based on the court's determination of a "presumptively reasonable fee." *Id.* at *9 (*referencing Sandoval v. Materia Brothers Inc.*, No. 11 Civ. 4250, 2013 U.S. Dist. LEXIS 59778, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (*quoting Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008)). The presumptively reasonable fee, or "lodestar," is the product of a reasonable hourly rate multiplied by the reasonable number of hours expended on the case. *Id*. (*referencing Millea v.*

*Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Mr. Garcia seeks $66,702.50 in attorneys' fees for four timekeepers and $1,005.00 in costs.

"**'The most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff.**" *Cruz v. Space Ny 50th St. LLC,* 2019 U.S. Dist. LEXIS 147492 at *9-10 (S.D.N.Y. Aug. 28, 2019) (emphasis added) (*quoting Barfield v. New York City Health & Hosps. Corp.,* 537 F.3d 132, 152 (2d Cir. 2008) (*quoting Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). "Where 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount,' even if plaintiff's 'claims were interrelated, nonfrivolous, and raised in good faith.'" *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656 (S.D.N.Y. 2019) (*quoting Hensley*, 461 U.S. at 436).

Additional "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (collecting cases)) *Chesmar v. Saul*, 2019 U.S. Dist. LEXIS 137133 at *7 (D.Ct. Aug. 14, 2019) (*quoting Cf. Rodriguez v. Astrue*, 3:08CV154(JCH)(HBF), 2009 U.S. Dist. LEXIS 126311, 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009).

## A.   THE HOURLY RATES CHARGED BY PLAINTIFFS' COUNSEL ARE REASONABLE

To determine the hourly rate, courts should examine three factors: (1) the experience of the attorney, (2) the nature of the case as it relates to the reasonableness of the rate, *Parris v. Pappas*, 844 F. Supp. 2d 262, 266-67, and (3) the rates "prevailing in the community for similar services." *Lassen v. Hoyt Livery, Inc.*, 2018 U.S. Dist. LEXIS 203928 at *15 (D.Ct. Dec. 3,

2018) (*quoting Sony Electronics, Inc. v. Soundview Techs., Inc.,* 389 F. Supp. 2d 443, 447 (D. Conn. 2005)."

      While Mr. Garcia was unable to find a recent case in this District specifically addressing current, reasonable rates for FDCPA attorneys, other courts in this Circuit have set forth such appropriate rates. It can be assumed that the hourly rates for these attorneys in Connecticut, a suburb of the New York metropolitan area will be comparable.

      Two days prior to the filing of this Motion, a court in the Southern District of New York set forth the reasonable rates for FDCPA attorneys in this area. "Courts in this District have consistently found that 'the reasonable hourly billing rate for partners in wage-and-hour cases is between $300 and $400 per hour.'" *Cruz v. Space Ny 50th *St. LLC,* 2019 U.S. Dist. LEXIS 147492 at *5-6 (S.D.N.Y. Aug. 28, 2019); *quoting New York City Dist. Council of Carpenters v. JM Kelc Marine Contractors,* No. 19-CV-0529 (LGS), 2019 WL 3423274, at *3 (S.D.N.Y. July 30, 2019) (*citing McGreevy v. Life Alert Emergency Response, Inc.,* 258 F. Supp. 3d 380, 389 (S.D.N.Y. 2017) (collecting cases)); *see also Shanfa Li v. Chinatown Take-Out Inc.*, No. 16-CV-7787 (JCM), 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019).

      Three attorneys performed work on Mr. Garcia's case: Yaakov Saks, Esq., Raphael Deutsch, Esq. and Rachel Drake, Esq. Mr. Saks is a founding partner of Stein Saks, PLLC. (Declaration of Yaakov Saks dated August 30, 2019, ¶ 1). He was admitted to practice law in 2010, and has been practicing consumer rights law since that time. (Saks Decl., ¶ 3). He claims an hourly rate of $400.00. (Saks Decl., ¶ 5). Raphael Deutsch is an associate at Stein Saks, PLLC, and represents consumers in federal consumer litigation on a full-time basis since joining Stein Saks. He has been actively practicing law for eight (8) years. (Deutsch Decl., ¶ 3). He claims an hourly rate of $350.00. (Deutsch Decl., ¶ 9). Rachel Drake has been actively practicing

law for thirteen (13) years, and has practiced solely in the litigation of consumer law cases for

the past three (3) years (Drake Decl., ¶ 3-4). She claims an hourly rate of $350.00. (Drake Dec. ¶

5).

Mr. Garcia also seeks an hourly rate of $175.00 for the work of one paralegal, Jenny

Padron, who has actively provided litigation support in consumer law cases for seven (7) years.

(Padron Dec. ¶ 2, 3).

It is readily apparent that, in light of their respective years of experience practicing

consumer law, the hourly rates sought by all attorneys and support staff in this matter are in line

with current rates for FDCPA attorneys in this geographical area. Mr. Garcia's proposed hourly

rates should be granted in full.

### B.   THE HOURS EXPENDED BY PLAINTIFFS' COUNSEL IN THE LITIGATION OF THIS CASE ARE REASONABLE

When analyzing the number of attorney work hours claimed by a plaintiff, courts in the Second

Circuit must decide whether the time was "usefully and reasonably expended by counsel."

*Lassen v. Hoyt Livery, Inc.*, 2018 U.S. Dist. LEXIS 203928 at *14-15 (D.Ct. Dec. 3, 2018)

(*quoting Lunday v. City of Albany***,** 42 F.3d 131, 134 (2d Cir. 1994)). "Hours that are excessive,

redundant, or otherwise unnecessary, are to be excluded." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149,

173 (2d Cir. 1998) (internal citations omitted). Additionally, fee applicants must submit

supporting documents that show contemporaneous records "specific, for each attorney," and with

"the date, the hours expended, and the nature of the work done." *New York State Ass'n for*

*Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Mr. Garcia seeks recompense for 80.6 hours of time expended on this case. (Saks Decl.

Ex. A). This is an extremely reasonable amount of time in light of the fact that this case was filed

more than three (3) years prior to a final ruling following a full bench trial. Indeed, a review of the docket reveals that the final entry of Judgment was docket entry ninety-four (94). The parties engaged in extensive motion practice for the duration of this case. In fact, the vast majority of these motions were filed by Defendant and were inappropriate, untimely and/or borderline frivolous in nature. Indeed, Defendant's counsel continued insistence in filing these laborious and inapplicable motions and objections, are a significant factor in the amount of fees sought by Plaintiff. Furthermore, in a case spanning three (3) years, including a bench trial, the amount of fees sought by Plaintiff are extremely reasonable. Moreover, as set forth in the Declaration of Mr. Saks, counsel even excluded more than ten (10) hours of billable time in their final billing statements in further effort to present a reasonable amount of fees to this Court.

For the reasons set forth above, the full amount of costs and fees now sought by Plaintiff in the amount of $67,707.50 are wholly reasonable and appropriate and should be awarded in their entirety.

## V.    CONCLUSION

Section 1692k of the Fair Debt Collection Practices Act mandates an award of reasonable attorneys' fees and costs to a plaintiff who prevails in an action for violations of this Act. Here, Plaintiff has fully demonstrated the reasonableness of the hourly rates charged by his counsel and the time they expended in their litigation of this case.  In light of the above, Plaintiff respectfully requests that his Motion for Attorneys' Fees be granted in its entirety.

Dated: August 30, 2019

STEIN SAKS, PLLC

*/s/ Yaakov Saks*
Yaakov Saks
Bar No. Ct30021

285 Passaic Street
Hackensack, NJ 07601
Phone (201) 282-6500
Fax (201) 282-6501
Email: ysaks@steinsakslegal.com

## Certification of Service

I, hereby certify that a copy of the foregoing and any attachments hereto were filed via CM/ECF on August 30, 2019, notification of which will be sent to counsel of record below pursuant to the CM/ECF filing system.

Jeanine M. Dumont
c/o Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut, 06108

*/s/Yaakov Saks*
Yaakov Saks
Ct30021