UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES HOWARD LEE SCHIFF P.C.,<br><br>Defendant. | Case Action No.3:16-CV-00791 (VAB)<br><br><br>**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 15 U.S.C. §1692k(a)(3)** |

## I. PRELIMINARY STATEMENT

Plaintiff Luis Garcia ("Mr. Garcia") respectfully submits this Memorandum of Law in support of his response to Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees and Costs in the amount of $67,707.50, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(3).

## II. STATEMENT OF FACTS

Garcia's Statement of Facts as set forth in his original Motion for Attorneys' and Costs is incorporated by reference here, the sum and substance of which is that Garcia filed a complaint against Defendant on May 23, 2016, alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"). The case eventually went to trial on May 20, 2019, and Judge Bolden issued his trial memorandum of decision finding Defendant liable for violation of 15 U.S.C. §1692e for sending a materially misleading letter to Plaintiff in an attempt to collect a consumer debt. Judge

Bolden's Order further directed Plaintiff to file his motion for attorney's fees and costs on or before August 30, 2019 (Doc. 93 p.27). Defendant file an opposition and Plaintiff now replies as ordered by this Court.

## III.  STANDARD OF REVIEW

"The award of costs and fees to a successful plaintiff appears to be mandatory. *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 2008 U.S. App. LEXIS 3144 at *24 (fn. 8) (2d Cir. 2008); *see also* 15 U.S.C. § 1692k(a)(3). "[T]he Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). Indeed, "several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted. *See Graziano*, 950 F.2d at 113 (quoting *Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 28 (2d Cir. 1989))(quoting *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989)).

## IV.  LEGAL ARGUMENT

### A.   Plaintiff's Counsel was successful, therefore is entitled to costs and fees.

Defendant argues that recovery for the Plaintiff in this case was small amount, ($500.00 out of potential $1,000), therefore the requested award of attorneys' fees and costs is "outrageously" large by comparison. The Defendant even suggests that a $500 award instead of $1000 should translate to the Plaintiff's counsel only receiving only half his requested fees. Plaintiff is aware of no legal authority which holds that an award of legal fees is necessarily tied to the amount of the recovery, and Defendant cites to none.

To the contrary, there is ample authority for the proposition that the award of attorneys' fees and costs is specifically ***not*** tied to the amount of recovery in FDCPA cases. This is due to public policy considerations which aim to incentivize attorneys to pursue these kinds of cases

under the FCPDA, which typically can involve low recovery amounts as well as potential clients who could not afford years of litigation costs. Courts in the Second Circuit have recognized:

> [e]specially for claims where the financial recovery is likely to be small, calculating attorney's fees as a proportion of damages runs directly contrary to the purpose of fee shifting statutes: assuring that ... claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate fees that are *disproportionate* to the plaintiff's recovery.

*Halecki v. Empire Portfolios, Inc.*, 952 F.Supp.2d 519, 521 (W.D.N.Y. Jul. 9, 2013) (italics in the original)(quoting *Millea v. Metro—North R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011); *see also Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 340 (E.D.N.Y. 2014). This noble aim is also bolstered by the fact that the same public policy considerations that are used to calculate an award of attorneys' fees and costs in FDCPA cases are also used in civil rights cases. *See Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996) (discussing purpose of fee-shifting provisions in the context of Title VII litigation); *see also Hensley v. Berks Credit & Collections, Inc.*, 1997 U.S. Dist. LEXIS 18220, 1997 WL 725367, *7 (E.D.Pa. Nov. 18, 1997)("[T]hey both encourage and reward plaintiffs and attorneys alike for undertaking the often difficult and thankless task of seeking to protect important rights. In the absence of such provisions, it is argued, many violations might go unpunished."). Defendant's claim that the requested award is outrageously large in comparison to the low recovery runs directly contrary to this public policy aim.

Defendant's argument is not persuasive that Plaintiff achieved only partial success on his FDCPA claims. The fact remains that once a violation is found, the FDCPA's fee-shifting provision kicks in. See *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91 (2d Cir. 2004)(on a case brought under the VRA and subsequently won on appeal, the court noting, "[E]ven though the appeal did not resolve all aspects of the case, *plaintiffs gained a victory that cannot be undone*. Both in the trial court and on appeal, plaintiffs clearly established their

entitlement to, and have already received, at least 'some relief on the merits of [their] claims.')(citations omitted)(italics mine).

### B. THE HOURLY RATES CHARGED BY PLAINTIFFS' COUNSEL ARE REASONABLE

To determine the hourly rate, courts should examine three factors: (1) the experience of the attorney, (2) the nature of the case as it relates to the reasonableness of the rate, *Parris v. Pappas*, 844 F. Supp. 2d 262, 266-67, and (3) the rates "prevailing in the community for similar services." *Lassen v. Hoyt Livery, Inc.*, 2018 U.S. Dist. LEXIS 203928 at *15 (D.Ct. Dec. 3, 2018) (*quoting Sony Electronics, Inc. v. Soundview Techs., Inc.,* 389 F. Supp. 2d 443, 447 (D. Conn. 2005)."

While Mr. Garcia was unable to find a recent case in this District specifically addressing current, reasonable rates for FDCPA attorneys, other courts in this Circuit have set forth such appropriate rates. It can be assumed that the hourly rates for these attorneys in Connecticut, a suburb of the New York metropolitan area will be comparable.

Two days prior to the filing of the Motion, a court in the Southern District of New York set forth the reasonable rates for FDCPA attorneys in this area. "Courts in this District have consistently found that 'the reasonable hourly billing rate for partners in wage-and-hour cases is between $300 and $400 per hour.'" *Cruz v. Space Ny 50th St. LLC,* 2019 U.S. Dist. LEXIS 147492 at *5-6 (S.D.N.Y. Aug. 28, 2019); *quoting New York City Dist. Council of Carpenters v. JM Kelc Marine Contractors,* No. 19-CV-0529 (LGS), 2019 WL 3423274, at *3 (S.D.N.Y. July 30, 2019) (*citing McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 389 (S.D.N.Y. 2017) (collecting cases)); *see also Shanfa Li v. Chinatown Take-Out Inc.*, No. 16-CV-7787 (JCM), 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019).

The Defendant's also attempts to argue that the hourly rates for the attorneys are too high

because Plaintiff has not provided a copy of the retainer agreement. It should be noted that despite Defendant's misrepresentations the Plaintiff has not retainer agreement, nothing could be further from the truth. The Plaintiff signed a retainer agreement with counsel from day one. Additionally, the Defendant has not provided nor is Plaintiff is aware of any legal authority which holds that a copy of a retainer agreement is the *sine qua non* for an award of attorneys' fees and costs under the FCDA, which is a fee-shifting statute. The need to review Garcia retainer regarding legal fees is completely irrelevant, since he has paid and will never pay once cent to counsel.  What matters is that the FDCPA provided for attorney fees, completely separate from the amount awarded to the Plaintiff. What matters is fulfilling the public policy aims of the statute to incentivize competent counsel to represent plaintiffs in low-recovery situations, especially in a case like this where Plaintiff's counsel was forced to "stick with it" through over three years of litigation, without one cent of compensation from the Plaintiff,  due in no small part to the numerous stall tactics and unsuccessful dispositive motions filed by Defendant.

In *Millea*, the Second Circuit found that the district court's reduction of the $144,792 lodestar figure in a Family Medical Leave Act ("FMLA") case where plaintiff recovered $612.50 was in error.  *See Millea*, 658 F.3d at 169.  In a similar case and for similar reasoning, the court therefore rejected "the contention that the fee award should be crafted proportionately to the damages recovered by Plaintiff."  *See Douyon*, 49 F. Supp. 3d at 340.  Therefore, while it would seem large on its face, the quoted figure of $67,707.50 in requested attorneys' and costs is fully consistent with the FCPDA's fee-shifting provision and its public policy aims.

Furthermore, there is no question that counsel is competent to represent Garcia in this case. Not only did he achieve recovery, but he has represented literally hundreds of such plaintiffs over the course of a nine-year career that has been devoted exclusively to consumer litigation.  His career is an excellent example of the kind of selfless devotion to plaintiffs' rights that statutes such as the

FDCPA were intended to attract. Cherry-picking a few cases over the course of that career does not change this fact.

While it would be impossible and unnecessary to addresses and Defendant every point made by the Defendant, Plaintiff's counsel will address some of the other *Johnson*[1] factors cited to by the Defendant in determining the reasonable hourly rate:

- The specific hourly figures cited are perfectly reasonable. 3.7 hours spent on the review and drafting of a federal complaint, for example, is eminently reasonable and more than fair. It is baffling to consider how one could spend less time in the drafting of a complaint for federal court.

- The rates cited by Plaintiff are also fair given current market rates for practitioners in the Second Circuit. These rates are fully consistent with the range of rates accepted by the courts in the greater New York Metropolitan Area. *See McMahon-Pitts v. Sokoloff*, No. 15-CV-4975, 2017 U.S. Dist. LEXIS 37237, *9 (E.D.N.Y. Mar. 15, 2017).

Finally, it is sometimes incumbent on practitioners to share duties and therefore involve several attorneys on one case, which was the case here, and happens on a not infrequent basis in the practice of law. Defendant is a law firm, and so presumably is no stranger to this practice.

---

[1] The court should consider the following factors in considering an attorneys' reasonable hourly rate:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 186 (2d Cir. 2008)(quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

### C. **THE HOURS EXPENDED BY PLAINTIFFS' COUNSEL IN THE LITIGATION OF THIS CASE ARE REASONABLE**

When analyzing the number of attorney work hours claimed by a plaintiff, courts in the Second Circuit must decide whether the time was "usefully and reasonably expended by counsel." *Lassen v. Hoyt Livery, Inc.*, 2018 U.S. Dist. LEXIS 203928 at *14-15 (D.Ct. Dec. 3, 2018) (*quoting Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations omitted). Additionally, fee applicants must submit supporting documents that show contemporaneous records "specific, for each attorney," and with "the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Mr. Garcia seeks recompense for 80.6 hours of time expended on this case. (Saks Decl. Ex. A). This is an extremely reasonable amount of time in light of the fact that this case was filed more than three (3) years prior to a final ruling following a full bench trial. Indeed, a review of the docket reveals that the final entry of Judgment was docket entry ninety-four (94). The parties engaged in extensive motion practice for the duration of this case. In fact, the vast majority of these motions were filed by Defendant and were inappropriate, untimely and/or borderline frivolous in nature. Indeed, Defendant's counsel continued insistence in filing these laborious and inapplicable motions and objections, are a significant factor in the amount of fees sought by Plaintiff. The Defendant has filed a Motion to Dismiss and two Motions for Summary Judgment, none of which resulted in the case being thrown out of court.  (Docs 9, 17, 32, 41, 56, 69).  The parties engaged in additional discovery which was fraught with Defendant's use of stall tactics including further requests to provide discovery responses (Doc. 42), denials to turn over requested discovery documents and last-minute requests for protective orders (Doc. 53), thereby resulting in the need for discovery

conferences with the Court. Finally, Defendant filed unnecessary Motion in Limine only to have them denied, and then when it mattered most could not even get their most basic evidence admitted into the case.

The Defendants claims that the Plaintiff's counsel pursued this case only to run up hours is completely baseless. On the contrary a significant portion of the hours cited in the request for an award of attorneys' fees can be traced directly to Defendant's conduct in this case. Moreover, as set forth in the Declaration of Mr. Saks filed in the original motion, counsel even excluded more than ten (10) hours of billable time in their final billing statements in further effort to present a reasonable amount of fees to this Court. Finally, the Defendant's opposition to the motion for fees and costs has now caused Plaintiff to expend even more time on this matter.

## CONCLUSION

Section 1692k of the Fair Debt Collection Practices Act mandates an award of reasonable attorneys' fees and costs to a plaintiff who prevails in an action for violations of this Act. Here, there is no question that Plaintiff's request for reasonable attorneys' fees and costs is fully consistent with the public policy aims of the FDCPA, and reasonable in rate and time spent on the litigation at issue.  In light of the above, Plaintiff respectfully requests that his Motion for Attorneys' Fees be granted in its entirety.

Dated: September 27, 2019

**STEIN SAKS, PLLC**

/s/Yaakov Saks

Yaakov Saks
Ct30021

285 Passaic Street
Hackensack, NJ 07601
Phone (201) 282-6500
Fax (201) 282-6501
Email: ysaks@steinsakslegal.com

## Certification of Service

I, hereby certify that a copy of the foregoing and any attachments hereto were filed via CM/ECF on August 30, 2019, notification of which will be sent to counsel of record below pursuant to the CM/ECF filing system.

Jeanine M. Dumont
c/o Law Offices Howard Lee Schiff
PC 510 Tolland Street
East Hartford, Connecticut, 06108

*/s/Yaakov Saks*
Yaakov Saks
Ct30021

**STEIN SAKS, PLLC**

*s/ Yaakov Saks*
Yaakov Saks, Esq.
285 Passaic Street

Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501
ysaks@steinsakslegal.com