UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS GARCIA,
    *Plaintiff,*

v.

LAW OFFICES HOWARD LEE SCHIFF, P.C.,
    *Defendant.*

No. 3:16-cv-791 (VAB)

**RULING AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Luis Garcia ("Plaintiff") has moved for an order awarding attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices Act (FDCPA) against the Law Offices of Howard Lee Schiff ("Defendant" or "the Schiff firm"). Mot. for Attorney's Fees, ECF No. 95 (Aug. 30, 2019). Mr. Garcia requests $67,707.50 in attorney's fees.

For the following reasons, the Court **GRANTS** Plaintiff's motion for attorney's fees and costs in part and awards attorney's fees and costs to Mr. Garcia in the amount of **$50,085**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 2016, Mr. Garcia sued the Schiff firm, alleging that he had received a debt collection letter from the firm on or around February 12, 2016. Compl. ¶ 9, ECF No. 1 (May 23, 2016). The parties engaged in pre-trial litigation activity for three years. *See* ECF Nos. 9-85.

On August 15, 2019, after a one-day bench trial on May 20, 2019, the Court ruled that the Schiff firm had sent a materially misleading letter to Mr. Garcia in violation of the FDCPA, the Schiff firm was not entitled to the bona fide error defense to strict liability under the FDCPA, and awarded $500 in damages under the FDCPA. Mem. of Decision and Order, ECF No. 93 (Aug. 15, 2019).

1

On August 30, 2019, Mr. Garcia filed a motion for attorney's fees and costs. Mot. Attorney's Fees, ECF No. 95 (Aug. 30, 2019). In support of his motion, Mr. Garcia submitted a memorandum of law, declarations by his attorneys, Yaakov Saks, Rachel Drake, and Raphael Deutsch, a declaration by Jenny Padron, a paralegal, and an itemized list of time and expense charges. ECF Nos. 95-1–95-5 (Aug. 30, 2019).

On September 20, 2019, the Schiff firm submitted a memorandum in opposition to Plaintiff's motion for attorney's fees. Mem. Opp. Mot. Attorney's Fees, ECF No. 96 (Sept. 20, 2019) ("Def.'s Opp."). In support of its opposition, the Schiff firm submitted Mr. Garcia's first request for admissions, Mr. Garcia's responses to a number of the Schiff firm's discovery requests, the settlement conference order in this case, the deposition of Mr. Garcia, a letter from counsel for the Schiff firm (another member of Schiff firm) to Mr. Garcia's counsel, and various filings from both this case and other cases in which Mr. Garcia's counsel has been involved. ECF Nos. 96-1–96-13 (Sept. 20, 2019).

On September 27, 2019, Mr. Garica replied to the Schiff firm's opposition. Reply, ECF No. 97 (Sept. 27, 2019).

## II. STANDARD OF REVIEW

Any debt collector found in violation of the Fair Debt Collection Practices Act is also liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.A. § 1692k(a)(3). To determine attorney's fees, "a district court should consider the rate [a] reasonable, paying client would pay, and use that rate to calculate the presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 193 (2d Cir. 2008).

To determine a "reasonable" hourly rate, the court should consider factors including, but not limited to, the following:

>the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Id.* at 184. The court should also consider the prevailing market rates charged in the district where the plaintiff brought the case. *Id.* at 190.

Then, to arrive at a "presumptively reasonable fee," the court should multiply "a reasonable hourly rate [by] the reasonable number of hours required by the case." *Millea v. Metro-North Ry. Co.*, 658 F.3d 154, 166 (2d. Cir. 2011); *see also Silver v. Law Offices Howard Lee Schiff, P.C.*, No. 3:09-cv-912 PCD, 2010 WL 5140851, at *2 (D. Conn. Dec. 16, 2010) ("After determining the reasonable hourly rate for an attorney, the Court must examine the hours expended by the attorney, review them for reasonableness, and exclude any excessive or unnecessary hours.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

### III. DISCUSSION

"The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008). "Where a plaintiff prevails [under the FDCPA], whether or not [s]he is entitled to an award of actual or statutory damages, [s]he should be awarded costs and reasonable attorney's fees in amounts to be fixed in

the discretion of the court." *Id.* (quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)).

A defendant advocating reduction of the reasonable fee "bears the burden of establishing that a reduction is justified." *Rivera v. Corp. Receivables, Inc.*, 540 F. Supp. 2d 329, 338 (D. Conn. 2008) (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989).

> Such an argument cannot be grounded in lack of proportion between the amount of attorney's fees requested and the size of the award attained, as the FDCPA, like many other consumer protection and civil rights statutes, "was enacted in part to secure legal representation for plaintiffs whose . . . injury was too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements."

*Id.* (quoting *Kassim v. Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

### A. The Reasonable Hourly Rate

Mr. Garcia seeks attorney's fees and costs for work performed by three attorneys and one paralegal. Mem. Attorney's Fees, ECF No. 95-1 at 5-6 (Aug. 30, 2019). He requests $400 per hour for Yaakov Saks, Esq.; $350 per hour for Raphael Deutsch, Esq.; $350 per hour for Rachel Drake, Esq.; and $175 per hour for Jenny Padron, paralegal. *Id.* at 6.

Mr. Garcia claims that, "in light of their respective years of experience practicing consumer law, the hourly rates sought by all attorneys and support staff in this matter are in line with current rates for FDCPA attorneys in this geographical area." *Id.* He also argues that while he was unable to find any District of Connecticut cases discussing reasonable rates for attorneys in FDCPA cases, another court in this Circuit has "consistently found that the the reasonable hourly billing rate for partners in wage-and-hour cases is between $300 and $400 per hour." *Id.* at 5 (internal quotation marks and citations to S.D.N.Y. decisions omitted).

4

The Schiff firm argues that Mr. Garcia's requested hourly rates for his attorneys are unreasonable, given other awards of attorneys' fees in FDCPA cases, the level of his attorneys' experience, and the actions of his attorneys in this case. Def.'s Opp. at 3-9. The Schiff firm argues that Mr. Garcia's attorneys should be granted fees at the rates of $200 per hour for Mr. Saks and $150 per hour for Ms. Drake, and that no fees should be granted for Mr. Deutsch's or Ms. Padron's work in this case. *Id.* at 9-10.

After reviewing the parties' submissions, including itemized charges and declarations submitted by Mr. Garcia's attorneys, a rate of $300 per hour is reasonable for Mr. Saks and a rate of $200 per hour is reasonable for both Mr. Deutsch and Ms. Drake. The charges for Ms. Padron, the paralegal, should not be recoverable.

Although Mr. Garcia argues that no District of Connecticut court has discussed reasonable attorney's fees in cases of plaintiffs prevailing under the FDCPA, in *Pape v. Law Offices of Frank N. Peluso, P.C.*, a court in this District found, over the defendant's objections, that an hourly rate of $400 per hour for a plaintiff's attorney was reasonable "in light of more than forty-five years of experience representing consumers in her nationally recognized practice in the arcane field of the FDCPA[,]" No. 3:13 CV 63 (JGM), 2016 WL 755602, at *2 (D. Conn. Feb. 25, 2016) (internal quotation marks omitted). In finding that $400 was a reasonable hourly rate, the court noted that this plaintiff's attorney—Joanne Faulkner—had recently been awarded $400 per hour in another FDCPA case and that "[i]ndeed, virtually all the decisions on WESTLAW from this district regarding attorney's fees applications in FDCPA cases concern[ed] Attorney Faulkner." *Id.* at *2 n.3 and *3 (collecting District of Connecticut cases where prevailing plaintiffs were represented by Ms. Faulkner).

In another case in this District, a rate of $325 per hour was reasonable for a "highly skilled and experienced litigator, particularly in the area of consumer protection litigation, and conducted himself accordingly throughout the litigation." *Rivera*, 540 F. Supp. 2d at 339. In that case, the plaintiff submitted that the attorney "ha[d] an outstanding reputation for his experience and ability in the consumer protection field." Mem. Attorney's Fees, *Rivera*, 3:06-cv-00531 (TPS), ECF No. 69 at 8 (Oct. 24, 2007). Specifically:

> He served for six years as the chair of the Connecticut Bar Association's Consumer Law Section and he regularly presents seminars and speaks on the state and national level on consumer protection matters. He is the state coordinator for the National Association of Consumer Advocates, and his firm has handled hundreds of matters under the FDCPA and thousands of consumer protection cases. He has practiced law for 20 years, having spent the first ten years of practice at Pepe & Hazard, where he was a partner handling complex litigation matters, and the last ten years as the managing attorney of Consumer Law Group, where he has practiced almost exclusively in the area of consumer protection.

*Id.*

By comparison, another court in this District reduced a plaintiff's requested hourly fee in an FDCPA case from $400 to $250 per hour because "Counsel's requested rate of $400 per hour presuppose[d] highly competent legal services" and the court "did not see evidence of competence in this case." *Ferrari v. U.S. Equities Corp.*, No. 3:13-CV-00395 (JAM), 2015 WL 6383467, at *3 (D. Conn. Oct. 22, 2015), *aff'd in part, vacated in part on other grounds*, 661 F. App'x 47 (2d Cir. 2016).

Here, the expertise of Mr. Garcia's attorneys do not rise to the level warranting their requested hourly fees in the District of Connecticut. Mr. Garcia's lead attorney, Mr. Saks, who requests an hourly rate of $400 per hour, declares that he is a founding partner of the law firm Stein Saks, PLLC, has practiced law for nine years, and has "spent the vast majority of [his]

6

career practicing consumer litigation." Declaration of Yaakov Saks, ECF No. 95-2 at 1 (Aug. 30, 2019). He has "litigated FDCPA cases on behalf of hundreds of clients in numerous district courts throughout the country as this one [sic] of Stein Saks' primary areas of practice." *Id.* Ms. Drake declares that she has been practicing law for nearly thirteen years and that she has "practiced solely in the litigation of FDCPA and FCRA cases for the past three (3) years as an attorney at Stein Saks." Declaration of Rachel Drake, ECF No. 95-3 at 1 (Aug. 30, 2019). Mr. Deutsch declares that he has been practicing law for nearly eight years and that he is experienced in FDCPA litigation. Declaration of Raphael Deutsch, ECF No. 95-4 (Aug. 30, 2019).

Given that Ms. Faulkner, an attorney with forty-five years of experience, multiple prevailing FDCPA cases in this District, and national recognition in FDCPA litigation, was awarded only $400 per hour in this district as recently as 2016, *Pape*, 2016 WL 755602, at *3, the requested hourly rates for Mr. Garcia's attorneys should be reduced to $300 per hour for Mr. Saks and $200 per hour for Ms. Drake and Mr. Deutsch, consistent with other FDCPA attorney's fees decisions in this District, *see Rivera*, 540 F. Supp. 2d 329 (granting $325 per hour to an attorney with 20 years of experience and state and national recognition in FDCPA litigation); *Ferrari*, 2015 WL 6383467, at *3 (reducing requested attorney's fees from $400 to $250).

### B. The Reasonable Number of Hours Worked

"If a court chooses to make downward adjustments, it may either reduce the overall award or attempt to identify specific hours that should be eliminated." *Rivera*, 540 F. Supp. 2d at 338 (citing *Hensley*, 461 U.S. at 436–37). A court should exclude hours that are excessive or unnecessary. *Silver*, 2010 WL 5140851, at *2 (citing *Hensley,* 461 U.S. at 434). There is no precise rule or formula for making these determinations, and, because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," a court may apply an across-

7

the-board percentage cut "as a practical means of trimming fat from a fee application." *Rivera*, 540 F. Supp. 2d at 338 (quoting *New York State Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir. 1983)).

Here, it is reasonable to exclude charges for time spent driving to and from court, depositions, and settlement conferences, and for hotel charges the night before trial. The Court also finds that the entry of 1.2 hours to "[d]raft/revise and file motion for extension of time to file a joint trial memorandum" on January 29, 2019, is excessive and reduces that time entry to 0.6 hours. Time & Expense Charges, ECF No. 95-2 at 10 (charges from Mar. 8, 2016 through Aug. 31, 2019). Additionally, the Court excludes charges for the work performed by Ms. Padron, a paralegal at Stein Saks.

Neither the Second Circuit nor any court in this District has substantially discussed the availability of attorney's fees for work performed by paralegals in FDCPA cases. Courts, however, have discussed fees for paralegals' work in the context of other fee-shifting statutes. "[P]urely clerical or secretarial tasks should not be billed under fee shifting statutes regardless of who performs them." *Durso v. Colvin*, No. 314-cv-67 (WWE) (JGM), 2015 WL 5684039, at *3 (D. Conn. Sept. 28, 2015) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)) (internal quotation marks omitted). In cases where attorney's fees have been granted for work by paralegals, plaintiffs have noted the paralegals' active participation in preparation for and work during trial. *See, e.g.*, *Serricchio v. Wachovia Sec.*, LLC, 706 F. Supp. 2d 237, 260 (D. Conn. 2010), *aff'd*, 658 F.3d 169 (2d Cir. 2011) ("Because [the paralegal] did not 'sit[ ] idly' as [d]efendant's counsel suggest, but rather, is represented to have played the supportive role for Plaintiff's counsel during trial, which warrants fees, her hours spent in trial will be awarded in full."). Furthermore, while "Plaintiff's counsel is not required to record in great detail how each

minute of his time was expended . . . at least counsel should identify the general subject matter of his time expenditures." *Silver*, 2010 WL 5140851, at *2 (quoting *Hensley*, 461 U.S. at 437 n.2).

The itemized descriptions of Ms. Padron's hours expended on this case—to "document / file management," "other case assessment, development and administration," "communicate (in firm)"—are purely clerical in nature and largely do not identify subject matter related to work in this case. Time & Expense Charges, at 5-13. As a result, these charges are not billable as attorney's fees and will not be included in the award.

### C. The Rule 68 Offer of Judgment

The purpose of Rule 68 is to "encourage settlement and avoid litigation" by prompting the parties to "evaluate the risks and costs of litigation, and to balance them against the likelihood of success" at trial. *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (citing Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483 n. 1 (1946)); *see also Stanczyk v. City of New York*, 752 F.3d 273, 280 (2d Cir. 2014) ("Rule 68 is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation.") (internal citations omitted). "The critical feature of this portion of [] Rule [68] is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued." *Id.* at 6. "If a plaintiff chooses to reject a reasonable offer, then it is fair that [s]he not be allowed to shift the cost of continuing the litigation to the defendant in the event that h[er] gamble produces an award that is less than or equal to the amount offered." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 356 (1981).

"An offer of judgment is reasonable if it is equal to or greater than the sum of the award granted at trial and reasonable attorney's fees and costs up to the date of the offer." *Rivera*, 540

F. Supp. 2d at 334 (applying Rule 68's bar on a plaintiff recovering attorney's fees and costs after rejecting a reasonable settlement offer to an FDCPA case).

On June 14, 2016, the Schiff firm offered to settle with Mr. Garcia for $1,500.[1] Def.'s Opp. at 14.

> Pursuant to Conn. Gen. Stat. §52-193, defendant, Law Offices Howard Lee Schiff P.C., hereby offers to compromise by the payment of the sum of $1,500.00, to plaintiff by defendant, which sum includes any claims for damages, attorney's fees, costs or expenses, incurred by the plaintiff herein, on the following terms and conditions: said offer of compromise, if accepted, shall dispose of all the claims herein by th eplaintiff against all defendant, including but not limited to claims for attorney's fees and costs.

Def.'s Opp. Ex. 12, ECF No. 96-13 (Schiff Firm Offer of Compromise (June 14, 2016)).[2] Mr. Garcia rejected that offer. Def.'s Opp. at 14-15. After the trial, the Court awarded Mr. Garcia $500 in damages.

The Schiff firm argues that, under Rule 68 of the Federal Rules of Civil Procedure, Mr. Garcia should not be able to recover attorney's fees or costs incurred after the Rule 68 offer of judgment rejected on June 14, 2016, because the Court only awarded Mr. Garcia $500 after the trial and $1000 reflects reasonable attorney's fees and costs incurred before June 14, 2016. Def.'s Opp. at 14-15.

The Court disagrees.

---

[1] The Schiff firm's memorandum in opposition to Mr. Garcia's motion for attorney's fees states that they made their offer on June 14, 2017, but it is clear that the firm is referring to the settlement offer made on June 14, 2016, based on the firm's exhibits and the memorandum's statement that the offer was made twenty-two days after the original Complaint was filed. No evidence exists in the record of any other settlement offer.

[2] As a preliminary matter, the Schiff firm's offer of compromise is filed under Connecticut law, not expressly under Rule 68 of the Federal Rules of Civil Procedure. Of course, this Court's Local Rules provide for offers of compromise under state law. See L.Civ.R. 68(b)("Offers of compromise made under Connecticut state law shall be governed by and comply with Connecticut General Statutes all be governed by and comply with Connecticut General Statutes § 52-192a or §§ 52-193-195.") But it is not clear why Connecticut law would apply, given the absence of any relevant state law claims. In any event, the Schiff firm's Rule 68 argument fails. As a result, the Court need not resolve that issue.

As the Schiff firm notes, *id.* at 14, Mr. Garcia's counsel recorded seven hours of work before the Schiff firm's $1,500 settlement offer, not including the 0.3 hours of time claimed for a paralegal's work, which the Court excluded above. Time & Expense Charges at 5. Because, as the Court found above, those seven hours were all reasonably claimed for work performed by Mr. Saks at a rate of $300 per hour, the reasonable attorney's fees accrued up until the date of the settlement offer was $2,100. When the $400 filing fee is added in calculating costs—which the Schiff firm apparently intended to include, based on the language of the offer of compromise: "sum includes any claims for damages, attorney's fees, costs or expenses, incurred by the plaintiff"—Mr. Garcia's counsel had incurred a total of $2,500 in attorney's fees and costs before the June 14, 2016 settlement offer. Given that Mr. Garcia recovered $500 at trial, a reasonable settlement offer on June 14, 2016 under Rule 68 would have had to be at least $2,900. But the Schiff firm only offered slightly more than half of that amount: $1,500.[3]

Accordingly, the Schiff firm's offer of judgment under Rule 68 of the Federal Rules of Civil Procedure does not preclude Mr. Garcia from recovering attorney's fees and costs now.

---

[3] Even if the Court had used the Schiff firm's suggested hourly rate of $200 for Mr. Saks, their Rule 68 offer of judgment still would not have precluded a recovery for Mr. Garcia's attorney's fees and costs, because the court-awarded amount of $500 plus attorney's fees would have been $1900, above the $1500 offered, even without including the $400 filing fee for the lawsuit.

## IV. Conclusion

Based on the Court's findings above, the Court makes the following calculations of attorney's fees and costs:

| Attorney | Hourly Rate | Reasonable Hours | Total Fees |
|---|---|---|---|
| Mr. Saks | $300 | 152.4 | **$45,720** |
| Ms. Drake | $200 | 16.1 | **$3,220** |
| Mr. Deutsche | $200 | 2.7 | **$540** |

| Other Costs[4] | Total Costs |
|---|---|
| Case filing fee | **$400** |
| Case expense – service fee | **$130** |
| Case expense – pro hac fee | **$75** |
| **Total Attorney's Fees and Costs:** | **$50,085** |

Accordingly, the Court **GRANTS**, in part, Plaintiff's motion for attorney's fees and costs and awards Plaintiff a total of **$50,085.00** in attorney's fees and costs.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of November, 2019.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[4] Courts have found different types of litigation costs to be reasonable costs under the FDCPA, including filing fees, service fees, and *pro hac vice* admission fees. *See, e.g.*, *Hallmark v. Cohen & Slamowitz*, LLP, 378 F. Supp. 3d 222, 235 (W.D.N.Y. 2019) (including postage, expert fees, service of subpoenas, transcript costs, travel, lodging, court filing fees and service of process costs, and research expenses through litigation support services in an award of attorney's fees and costs under the FDCPA); *Chudomel v. Dynamic Recovery Servs., Inc.*, No. 12-CV-05365 NGG RLM, 2013 WL 5970613, at *12 (E.D.N.Y. Nov. 8, 2013) (including a pro hac vice fee in an award of attorney's fees and costs under the FDCPA); *Hoyte v. Recheck Funding LLC*, No. 3:11-cv-0927 (CSH), 2011 WL 6004582, at *2 (D. Conn. Dec. 1, 2011) (including marshals' and court filing fees in an award of attorney's fees under the FDCPA); *Cooper v. Ellis Crosby & Assocs., Inc.*, No. 3:05-cv-1467 (MRK), 2007 WL 1322380, at *3 (D. Conn. May 2, 2007) (including filing and service fees in an award of attorney's fees and costs under the FDCPA); *Gervais v. O'Connell, Harris & Assocs., Inc.*, 297 F. Supp. 2d 435, 440 (D. Conn. 2003) (including filing fees, constable fees and postage in an award of attorney's fees and costs under the FDCPA).